JACOB FRIEDMAN, Plaintiff, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

City Court of New York, Bronx County, October 9, 1934.

*Samuel Witte*, in support of the motion.

*Alexander & Green* [*Robert E. McCormick* of counsel], opposed.

ADLERMAN, J. Plaintiff sues on a health policy issued by the defendant for the sum of $1,202.65, covering eleven weeks' disability and $102.65 hospital charges. Defendant by its policy undertook to pay plaintiff's assignor the sum of $100 per week

during any period of total disability. Plaintiff bases his claim for partial summary judgment in the sum of $400 upon a letter written by the defendant to the plaintiff, which he claims is an admission of liability to the extent of four weeks' disability. The letter is as follows:

*"June* 29, 1934.

" Mr. BENJAMIN FRIEDMAN,
2966 W. 24th Street,
Brooklyn, N. Y.
" Re: Policy HY 44626, Claim H 78915

" DEAR SIR: Further examination held at this office recently indicates that you are not necessarily totally disabled and therefore we are unable to consider you disabled at this time.

" In connection with the claim pending for illness beginning April 2d, 1934, we would be agreeable to considering a claim for four weeks of total disability, but feel that there was no further total disability for that period.

" If you are agreeable to accepting a check on the above basis, kindly let us know and we will forward it at once. However, we wish you to understand that we will not consider a claim for total disability beyond that period.

" Yours very truly,
" W. B. PARSONS,
*"Second Vice President."*

A reading of the above letter indicates that it is an admission of liability to the extent of $400 and not a mere offer of compromise; the language could readily have been framed to mark the statement as such. Indeed, defendant could have noted that the letter was without prejudice, in which event it would have become incompetent as such. A case in point is *Holt* v. *Great Eastern Casualty Co.* (53 Utah, 543; 173 Pac. 1168). There the action was on an accident policy and after a thorough investigation defendant's agent wrote to plaintiff giving him instructions and advice respecting his claim and inclosing blank form to be filled out by plaintiff respecting his insurance, advising him to return the same, filled out, to the home office, at the expiration of his disability. Thereafter an agent was authorized by defendant to adjust the claim. Subsequently, a check was presented to plaintiff for $52.50 as indemnity for partial disability for three weeks. There was also the paper containing the statement that the plaintiff was allowed for three weeks' partial disability the sum of $52.50, in full settlement against the company. Later the local office was instructed to increase the amount to $102, as the accident happened on a train, thus requiring

double indemnity. On the basis of the language contained in the defendant's papers submitted, the defendant insurance company contended that the offer was a mere offer to compromise. The court overruled this argument, saying: " In these transactions, whether considered singly or all together, we fail to find any earmarks of a compromise offer. If it was intended as a compromise, why find any specified period of disability? Why find the exact period of three weeks, and allow plaintiff therefor the exact sum provided in the policy for partial disability? Why afterwards come to the conclusion that a mistake had been made in the adjustment, and that he should be allowed double indemnity on account of the nature of the accident? It seems to the Court there is no avoiding the conclusion that the defendant intended the offer as a settlement of what it was willing to concede, after a thorough investigation, was actually due and owing to plaintiff."

In *Bartlett* v. *Tarbox* (1 Abb. Ct. App. Dec. 120; 1 Keyes, 495) it is said: " The fact that the parties were attempting to settle was no ground for excluding any admission by the defendant of the correctness of Brown's account against him. It was not an offer or proposition made for the purpose of effecting a settlement, but the declaration of a fact after looking over the items, viz: that ' Brown's account was all right.' The admissions of distinct facts during negotiation for a settlement are always competent evidence against the party making them. In this case the proof was extremely pertinent as a distinct admission that all the items of account then looked over were correct."

The defendant here makes the point that the letter was written to the plaintiff by a layman who was not versed in the question of what is and what is not incompetent evidence, and hence that the letter should not be strictly construed against the defendant. I do not agree with this contention and find that the letter is an admission of liability to the extent of $400. Partial summary judgment is directed in favor of the plaintiff in the sum of $400. The action is severed and plaintiff may proceed accordingly. Submit order.