COLE *versus* COLE, *Administratrix.*

Offers made by a party, in a negotiation for a compromise, are not receivable in evidence against him. But his statement of the facts pertaining to the subject matter of the negotiation may be proved, though it was made during the negotiation.

The previous declarations of a plaintiff, that he supposed he should have to commence a suit against the defendant for the benefit of a third person, and that if such third person should bring a suit, he should not object to it, will not preclude the plaintiff from using such third person as a witness, in a suit brought against such defendant, unless it be proved that the suit is in fact for the benefit of the witness, or that the witness will have some legal right in the avails of the suit, should the plaintiff recover, or that he will be injuriously affected if the defendant recover.

ASSUMPSIT, on account annexed and on the money counts, for $6554,81.

Pleas, limitation.

The plaintiff, in support of his claim, and to repel the allegations of the pleas, read some documentary evidence.

The defendant called Joseph W. Leland, Esq. who testified that at the request of the defendant he went to New York to adjust with the plaintiff three distinct matters, which he specified ; that he mentioned his purpose to the plaintiff, who said he was very glad, and that every thing might be arranged.

The plaintiff's counsel then objected to the giving the further conversation in evidence, because made merely by way of negotiation and compromise. The objection was overruled ; and the witness proceeded to state what representations the plaintiff made of the facts relative to the matters which the witness had purposed to adjust.

He further testified as follows, " the plaintiff then said there is but one thing more ; Mr. John F. Scamman has had to pay large sums of money for Daniel, [the intestate,] and Mr. Scamman claims that he should be paid some portion of this debt; and I, [the plaintiff,] have written to the administratrix that Mr. Scamman had no legal claim against the estate, but that she, for the estate, ought to allow Mr. Scamman $1200."

The witness then testified to some subsequent statements made by the plaintiff, as follows. " He remarked that he had seen Mr. Scamman, who claimed a much larger amount, and was not disposed to relinquish any very large portion of his claim ; and he supposed that he, [the plaintiff,] should have to commence a suit for the benefit of Mr. Scamman, against the estate, and that if Mr. Scamman should choose to commence a suit, he should not forbid it."

He also testified, that Scamman afterwards brought a suit against the plaintiff, and the plaintiff then brought this suit against the administratrix.

The plaintiff then called Scamman as a witness, who was objected to by the defendant on the ground, that (as proved by Mr. Leland's testimony,) the plaintiff had stated Mr. Scamman to be interested in the event of the suit. The objection was sustained, and Mr. Scamman was precluded from testify-

Cole *v.* Cole.

ing. The question of his admissibility, and also the question of the admissibility of the plaintiff's declarations as stated by Mr. Leland, are now presented to the Court for decision.

*J. Shepley*, for the planitiff, as to the evidence of Leland, cited 1 Greenl. Ev. sect. 192, and cases there cited, and 2 Stark. Ev. 22, and notes, (Ed in 2 vols. by Metc. I. & G.) He also contended, that the testimony of Leland, even if rightfully admitted, did not show that Scamman had any interest in the event of the suit. To disqualify a man from being a witness on the ground of interest, he must have a direct and legal interest in the event of the suit.

The plaintiff was of opinion, that Mr. Scamman's remedy was through him, and thought he *should have to bring a suit*, from the avails of which Mr. Scamman might derive a benefit, or that Mr. Scamman might bring one in his name. This does not show, that this suit was so brought; it does not show, that Mr. Scamman would necessarily be benefited by a recovery in this suit, or would suffer a loss by its failure. The remedy of Mr. Scamman is against the plaintiff. And besides, Mr. Leland says, that Mr. Scamman sued the plaintiff, who in fact was the party liable to him, and that the plaintiff then sued the estate. Mr. Leland says, that the plaintiff spoke of what might take place at a future time, but nothing to show, that Mr. Scamman has, or that the plaintiff said he had, any interest in the event of this suit.

*D. Goodenow*, for the defendant.

SHEPLEY, C. J. — The first question presented for decision is, whether the testimony of Joseph W. Leland, a witness, for the defendant, was properly admitted.

The witness stated, that he, as the attorney of the defendant, called upon the plaintiff " for the purpose of arranging and settling three distinct matters."

He did not state, that the plaintiff offered to receive any particular sum as a compromise, although he did state, that the plaintiff named the amount due to him. Nor did he state, that the conversation was confidential, or entered upon with-

out prejudice to the rights of the plaintiff, if no settlement should be effected.

The conversation as related by the witness does not appear to have been commenced for the purpose of endeavoring to make a compromise of disputed claims, or that an offer or offers might be made to purchase peace, but for the purpose of ascertaining the claims really existing and justly due from one party to the other, that they might be fairly adjusted. The conversation as related could not have been excluded by any well established rule of evidence.

The next question arises from the exclusion of John F. Scamman as a witness for the plaintiff. He could only be excluded upon proof made by the plaintiff's declarations, that he was interested in the event of the suit.

Those declarations prove, that Scamman alleged, that he ought to be paid out of the proceeds of the estates conveyed to the plaintiff, and by him sold through the agency of the defendant's intestate, certain sums paid by him on account of that intestate ; that the plaintiff insisted upon having Scamman's claim adjusted, if a settlement was effected; and that he said, he supposed he should have to commence a suit for the benefit of Scamman.

This suit had not then been commenced. No declaration of the plaintiff was made, or could be made, that this suit was commenced for the benefit of Scamman. There is no proof that it is prosecuted for his benefit, or that he has any interest in it.

It appears that Scamman commenced a suit against the plaintiff to enforce his claim, before the plaintiff commenced this suit. While there is proof by the plaintiff's declarations, that Scamman claimed to be remunerated from the proceeds of the sales of the real estate sought to be recovered in this suit, and that he professed to have an interest in them, there is no satisfactory proof that he is actually asserting that claim by this suit in the name of the plaintiff.

If the plaintiff should recover those proceeds in this action, it does not appear that Scamman's claim to any portion of

them would be established or rendered more available at law or in equity in consequence of such recovery. Nor does it appear, if the plaintiff should entirely fail in this suit, that Scamman's claim would in any manner be affected by the result.

It may be, that Scamman is so situated, that he may appear desirous of having the plaintiff recover, hoping that it may induce him to be more favorable to the allowance of his claim; if so, it may affect his credit, while it does not show, that he is legally interested in the event of the suit. His testimony should have been received.

*The case is to stand for trial.*