Justin Gries *et al.*, Appellants, v. George Blackman, Respondent.

St. Louis Court of Appeals, March 13, 1888.

1. Attachment—Plea in Abatement—Evidence.—In the trial of a plea in abatement under attachment founded on alleged fraudulent disposition of assets and a fraudulent contracting of the debt, it is error to exclude from evidence a circular letter from the debtor to his creditors, admitting his indebtedness and proposing a settlement at a reduced percentage. Such a letter is not open to the objection that it is an offer to compromise a doubtful claim, and is admissible as tending to show the financial condition and purposes of the writer.

2. ——— ———— ———— Debtor's Representations.—A debtor's representations of his financial condition, made to a commercial agency, are admissible in connection with the fact that they form a material inducement to the credit given, even though it do not appear that such representations came to the knowledge of the creditor otherwise than through the reports of the agency.

3. —— —— —— DEBTOR'S CONFESSIONS OF JUDGMENT.—In an issue upon the debtor's fraudulent disposition of his assets, an instruction to the effect that, if the defendant confessed judgments with a view and intent of forcing a compromise with other creditors, the finding should be for the plaintiff, is erroneously refused, if there was any evidence upon which such an instruction could rest.

APPEAL from the St. Louis Circuit Court, HON. SHEPARD BARCLAY, Judge.

*Reversed and remanded.*

MILLS & FLITCRAFT, for the appellants : The court erred in excluding evidence as to the character of the compromise offered, and of Blackman's efforts to induce his creditors to accept his compromise. *Bridge Co. v. Granger,* 4 Conn. 148. If an offer of compromise is connected with other matters important as evidence in the same letter, the whole letter may be read in evidence. *Unthank v. Ins. Co.,* 4 Biss. 359 ; *Murray v. Coster,* 4 Cowen, 635 ; *Cole v. Cole,* 33 Me. 545 ; *Marvin v. Richmond,* 3 Den. 58 ; *Kramer v. Wilson,* 22 Mo. App. 175. The court erred in excluding conversations with Blackman as to the character of his business prior to his failure, and a general inquiry into his manner of conducting his business. *Kramer v. Wilson,* 22 Mo. App. 175 ; *Singer v. Goldenburg,* 17 Mo. App. 563, 4 ; *Holmes v. Harrington,* 20 Mo. App. 669 ; *Bank v. Phillips,* 22 Mo. 89 ; *Manheimer v. Harrington,* 20 Mo. App. 301. The court erred in rejecting evidence as to the reliance of plaintiffs on Blackman's statement to the mercantile agency, in selling the goods in controversy on credit. *Finlay v. Bryson,* 84 Mo. 664 ; *Holmes v. Harrington,* 20 Mo. App. 671. The court erred in excluding evidence as to Blackman's employment by the assignee, and of the effect of delay in making the assignment. *Enders v. Richards,* 33 Mo. 601 ; *Nichols v. McEwen,* 17 N. Y.

22.   If the intent of the assignor was to force a compromise, or obtain some benefit to himself, his intent may be inquired into.   *Keevil v. Donaldson*, 20 Kas. 168 ; *Bailey v. Mills*, 27 Tex. 438 ; *Van Hook v. Walton*, 28 Tex. 74 ; *Reed v. Emery*, 8 Paige, 417 ; *Feers v. Lyon*, 21 Conn. 604.   Instruction " A " refused, was correct and should have been given.   *Field v. Livermore*, 17 Mo. 218 ; *Bullene v. Smith*, 73 Mo. 162.   The effect of defendant's covering his property so that his creditrs. should be compelled to accept a small portion of their just debts, is a fraud on his creditors.   *Enders v. Richards*, 33 Mo. 600 ; *Fox v. Webster*, 46 Mo. 184; *Keevil v. Donaldson*, 20 Kan. 168 ; *Wakeman v. Grover*, 4 Paige 247 ; *Grover v. Wakeman*, 11 Wend. 187.

Taylor & Pollard, for the respondent :   The policy of the law favors amicable settlements of litigation, and, therefore, protects negotiations *bona fide* made for the purpose of effecting such settlement.   Such offers and negotiations will not be received in evidence. 2 Wharton on Evidence, 1090 ; *Smith v. Shell*, 82 Mo. 220 ; *Gerrish v. Swester*, 4 Pick. 377 ; *Batchelder v. Batchelder*, 2 Allen, 106 ; *Harrington v. Inhabitants*, 4 Gray, 567 ; *Durbin v. Somers*, 117 Mass. 61 ; *Ridout v. Newton*, 17 N. H. 71 ; *Reynoldt v. Manning*, 15 Md. 510 ; *Paulin v. Houser*, 63 Ill. 312 ; *Barker v. Bushnell*, 75 Ill. 220 ; *Kinsey v. Grimes*, 7 Black. 290. The court did not err in excluding proof that the assignee had employed Blackman.   If when this attachment was sworn out defendant's property was covered up, it was by executions on *bona-fide* judgments. *Holmes v. Harrington*, 20 Mo. App. 680.

Rombauer, P. J., delivered the opinion of the court.

The plaintiffs appeal from a judgment in favor of defendant on a plea in abatement in an attachment suit. The affidavit stated five grounds of attachment.   Concerning the first two there was no evidence and they

were withdrawn from the jury. The remaining grounds on which the case was contested are those mentioned in subdivisions seven, eight, nine, ten, and fourteen of section 398, of Revised Statutes, relating to the fraudulent conveyance, assignment, or concealment of property, intended, or consummated, and to the fraudulent contracting of the debt.

The record is very voluminous, but the questions presented for our consideration are few, and relate to the exceptions taken to the ruling of the court in excluding evidence, and to the court's action in refusing certain instructions asked by the plaintiff and giving some asked by the defendant.

In order to discuss the merits of these complaints intelligently it is essential to keep in view the following facts disclosed by the evidence: The plaintiffs are wholesale dealers in leather, oil, and shoe goods in Cincinnati, Ohio, and the defendant was for many years past a dealer in the same articles in St. Louis, and one of plaintiffs' customers. The debt for the bill of goods sued for herein was contracted by the defendant August 25 and 28, and October 13, 1886. On the twenty-fourth of November, 1886, the defendant confessed three judgments aggregating forty-two hundred and eighty-two dollars. Concerning the good faith of the debts on which these judgments were confessed there is no question, nor is it disputed that these obligations were subsisting when the debt herein sued for was contracted, and when the conversation between the defendant and Hulse, which is hereinafter referred to, took place.

The affidavit for attachment in this cause was made November 26, 1886, and the attachment was levied on the defendant's store, goods, and fixtures, which were then in the hands of the sheriff who had seized the same under three executions issued upon the three judgments confessed November 24, and hereinabove mentioned. The sheriff's sale took place December 10, 1886, and realized a gross amount of sixty-eight

hundred and fifty dollars.    After paying the three judg-
ments and costs the net amount in the sheriff's hands is
$2,111.82.

On the fifteenth day of December the defendant
addressed a circular letter to his creditors which con-
tained a review of his condition, a statement of his
assets and liabilities and their classification, and con-
cluded with the following proposition and offer :    "Pay
twenty-five per cent. in cash of all my direct liabilities
in full settlement of same, and trust in the future. to
relieve me of my indirect liabilities, in which event my
direct creditors will realize the most in the shortest
time."

When this circular letter with accompanying state-
ments was offered in evidence the defendant objected to
it and the court excluded it, with the exception of a
wholly immaterial part thereof, on the ground, it would
seem, that it was a proposition of compromise and as
such inadmissible.   Prior to this the court had ruled out
evidence on this twenty-five per cent. offer for this same
reason.     These rulings are complained of as prejudicial
error.

The circular of December 15 would have been admis-
sible in evidence against defendant as containing admis-
sions of independent facts pertinent to the issues on
trial, even if the circular were sent in the course of a
treaty of compromise.    *Unthank v. Ins. Co.*, 4 Biss.
359 ; *Durgin v. Somers*, 117 Mass. 61.   But under the
facts and issues in this case, no part of the circular
could possibly be protected by the rule affecting offers
of compromise.   That rule has reference to cases only
where a doubtful right or claim is the subject of the
negotiation.    Where the validity and extent of the
claim are admitted, there can be no valid reason for
excluding admissions made by the debtor, on the sole
ground that such admissions were made. for the purpose
of effecting a settlement of the claim.   "If a man says
to me, I do not admit that I owe you anything, but
rather than be sued I will give you a hundred dollars,
it would be most unjust to suffer me to avail myself of

this offer to recover against him. But if one tells me, it is true I justly owe you a hundred dollars, and will give you fifty if you will give up your debt, I apprehend there is no rule of law so absurd and unjust as to prevent my availing myself of my debtor's confession, because he connected with it an offer of compromise." *Murray v. Coster*, 4 Cowen, 635; *Cole v. Cole*, 33 Me. 545.

The evidence, therefore, was clearly admissible, and its rejection erroneous. Was this error prejudicial? The plaintiff was entitled to show to the jury the exact financial condition of the defendant when he confessed these judgments and when he incurred the debts sued for. The latter, because the hopeless insolvency of the defendant at the date of the purchase was evidence tending to show the intent with which the purchase was made. The former, because the offer to compromise, made to his creditors within a short time after confessing these judgments, was, even if slight, yet some evidence of the fact that the judgments were confessed with a view and intent of forcing a compromise, and thus obtain some benefit to himself, which, under the decisions, is evidence of a fraudulent disposition of property.

Nor can we see that this evidence was cumulative merely. The plaintiffs attempted and were entitled to show the exact financial condition of the defendant at these various dates. They endeavored to do this by his books, but the books were incomplete, some of them showing no entries after August, 1886. The statement of defendant's financial condition, as gathered from his own testimony and the testimony of an expert employed by the plaintiffs, was very incomplete, and at best an approximation. The statement accompanying the circular letter of December 15, purported to be a detailed and exact statement of his then condition, and inferentially a detailed statement of his condition at the date of his confessing judgment; it was a statement carefully prepared by the defendant himself, giving figures in

many instances within the fraction of a dollar, and was in a concise form so as to be easily comprehended by the jury.

There is a controversy between the parties in their printed arguments as to whether this statement was admitted in evidence or not. The record clearly shows that it was not, and we must hold that under the issues the court in ruling out this evidence committed error prejudicial to plaintiffs which necessitates a reversal of the judgment.

We refer briefly to other errors complained of. Plaintiffs claimed that in August, 1886, the defendant made certain statements to one Hulse, the agent of a commercial agency, and that subsequent bills were sold to the defendant on the faith that such statements were true, whereas, in point of fact, they were untrue in material respects. Hulse testified that the defendant made the statements as reported by him. The defendant denied the fact. The agency made a report August 6, 1886, which was forwarded to plaintiffs, and which states: "Blackman, sole member, tells us that his condition does not differ materially from previous reports. Says he has from ten thousand to twelve thousand dollars stock on hand, fifteen thousand dollars outstanding accounts. Owes one thousand dollars borrowed money and about fifteen thousand dollars merchandise liabilities." The residue of the report consists of the agent's own deductions.

In order to bring themselves within the rule declared in *Holmes v. Harrington*, 20 Mo. App. 680, that, "If a report thus constructed proves incorrect, in any particular, and credit is given upon the faith of the report as a whole, the sale is not avoided for fraud, unless it distinctly appears that the statements made by the merchant to the reporter were untrue and formed a material inducement to the extension of the credit," the plaintiffs in this case endeavored to show by the testimony of Gries, one of plaintiffs, that credit was given upon the faith of that part of the report purporting to consist of

the statements of Blackman. The deponent Gries stated that the firm had information of statements made by Blackman himself to the commercial agency, stating their purport as appearing in the report, and that credit was given on the faith of such statements.

All these parts of the deposition of Gries were stricken out, we presume on the ground that it appeared *aliunde* that the deponent had no personal knowledge of what statements Blackman made. This ruling was erroneous also. The deponent did not pretend to have any such knowledge; that fact very clearly appears by his deposition. He did not pretend to testify that Blackman made such statements, but that his firm gave credit on the faith of that part of the report which purported to contain Blackman's own statement of his condition. If there was the least danger that any intelligent jury could be misled into the belief that the deponent's evidence as to what part of the report induced his firm to give the credit, was evidence of the further fact that such part of the report was true, the jury should have been cautioned by instruction as to the effect of the evidence, but the fact furnishes no ground for rejecting the evidence altogether.

The instructions given for plaintiffs present the law fairly to the jury on every phase of plaintiffs' case but one. The omission of which plaintiffs complain, and we believe justly, is, that the court refused to charge the jury, as they requested in instruction "F," that, if the judgments were confessed with a view and intent of forcing a compromise with other creditors, then plaintiffs were entitled to a verdict. There was some evidence on which this instruction could rest, and as it declared the law correctly as applicable to such evidence it should have been given. Upon a new trial the fuller evidence may call for further modification of the instructions.

Judgment reversed and cause remanded. Judge Thompson concurs.