OZRA M. WOODWARD *vs.* STEPHEN S. GLIDDEN.

January 17, 1885

**False Imprisonment—Excessive Damages.**—*Pratt* v. *Pioneer Press Co.,* 32 Minn. 217, followed, and applied to this case. Verdict for $2,917, for false inprisonment, set aside for excessiveness.

Appeal by defendant from an order of the district court for Ramsey county, *Brill,* J., presiding, refusing a new trial.

*Moore & McCafferty,* for appellant.

*Melville & Kelley* and *J. M. Thompson,* for respondent.

BERRY, J. In *Pratt* v. *Pioneer Press Co.,* 32 Minn. 217, we have recently had occasion to consider the principles by which the district courts should be governed in passing upon applications for new trials upon the ground of excessive damages, and also the principles by which this court should be governed in reviewing orders of the district courts granting or refusing new trials on the ground mentioned. The application of the views expressed in our opinion in that case to the facts of the case at bar leads us to believe that the verdict before us should have been set aside, and that the district court erred in refusing to set it aside and grant a new trial. The testimony goes to show that the plaintiff had disposed of his property under circumstances well calculated to excite suspicion of fraud towards his creditors, of whom the firm of Glidden, Griggs & Co., of which defendant was a member, was one; that one or more interviews occurred between him and defendant at the firm's place of business in St. Paul, in reference to plaintiff's indebtedness to the firm, in which defendant gave vent

to his dissatisfaction with plaintiff's disposal of his property and his supposed subsequent inability to pay his debts, and at length, as the testimony, with some conflict as to details, tends to show, caused plaintiff to be taken into custody by a police officer and committed to the city lock-up, for the purpose, quite evidently, of forcing him to settle up his indebtedness to the firm. The arrest and commitment were made without process or any judicial proceedings, and were wholly and inexcusably illegal and unjustifiable. The defendant was detained in the lock-up for some three hours, from five or six o'clock in the afternoon of the 5th day of August, at which time he was arrested and committed, and was then released. Neither the arrest, commitment, nor detention were attended with any noise or violence, or with any circumstances of special indignity, or with any injury to plaintiff's person, property, or health; or, so far as appears, with any serious actual hurt or inconvenience, beyond the flagrant insult and injury to his feelings by the unlawful arrest, commitment, and confinement. The defendant is shown to be worth over (how much does not appear) $50,000.

The action is for false imprisonment, and upon the foregoing facts the plaintiff is clearly entitled to maintain it, and to recover round damages. He is entitled to damages, both compensatory and punitive: the former, to make good the actual injury inflicted upon him; the latter, to punish and make an example of the wrong-doing of the defendant. But, notwithstanding the liberty necessarily allowed juries in estimating damages against a wilful wrong-doer, there must be reason even in verdicts. In this case the jury brought in a verdict for $2,917. It is manifest that the plaintiff was far from being entitled to any such sum as this for his actual or compensatory damages. By far the larger part of the sum must have been intended as punitory damages. But even as to damages of that kind a jury must keep within some reasonable limits. In our judgment the verdict was grossly excessive and exorbitant, and enormously disproportionate to the wrong of which defendant is guilty. We cannot account for it except upon the theory that the jury gave it under the influence of passion or prejudice. We are not unmindful that we are reviewing the action of the trial judge, which is to some extent discretionary,

nor of his advantage over this court from the fact that he witnessed the trial; but we are, nevertheless, clear in the opinion that, in the exercise of a sound judicial discretion, the verdict should have been set aside and a new trial granted. We shall, therefore, reverse the order appealed from, and direct a new trial. For this course we are not altogether without precedent in this court. In *McCarthy* v. *Niskern*, 22 Minn. 90, where the action was against an innkeeper for wrongfully, and with abusive and insulting language, turning a guest out of his inn in the night-time, we set aside a verdict for $900 as "enormously" excessive,—so much so as to show that the verdict was not assessed with a view simply to compensate the guest for the injury suffered by him, and to punish the innkeeper; remarking that "although it is a delicate thing to set aside a verdict for excessive damages in a case where they are not susceptible of accurate measurement, the court must sometimes do it in order to prevent injustice." See, also, *Terre Haute, etc., R. Co.* v. *Vanatta*, 21 Ill. 188; *McConnell* v. *Hampton*, 12 John. 234; *Jones* v. *Sparrow*, 5 Term Rep. 257.

In conclusion we avail ourselves of this opportunity to suggest to the faithful and able magistrates who adorn our district bench that in our unanimous opinion nothing will go further to redeem the institution of trial by jury from the popular and professional disrepute into which it has in some degree fallen, and to restore it, in some measure at least, to its ancient reputation, than a judicious assumption of responsibility in regulating and controlling the action of juries by the trial courts.

Order reversed, and a new trial awarded.