## John Brazil *vs.* John Peterson.

### July 25, 1890.

**Master and Servant—Saloon-Keeper Liable for Bar-Tender's Assault.**—Where the bar-keeper of a saloon forcibly ejected therefrom a person, while in an intoxicated and helpless condition, in a careless and reckless manner, and without regard to his condition or safety, so as to cause a fracture of his leg, *held*, that the proprietor of the saloon was liable in damages to the person so injured.

**Evidence Held Sufficient.**—Evidence *held* sufficient to support the verdict.

**New Trial—Newly-discovered Evidence.**—*Held, also,* that there was no error or abuse of discretion on the part of the trial court in refusing a new trial on the ground of the newly-discovered evidence disclosed by the record.

Appeal by defendant from an order of the district court for Waseca county, *Buckham*, J., presiding, refusing a new trial after verdict of $400 for plaintiff.

*Sawyer, Abbott & Sawyer*, for appellant.

*Lovely & Morgan*, for respondent.

VANDERBURGH, J. The defendant was the proprietor of a saloon in New Richland, Waseca county. On the 17th day of November, 1887, plaintiff, already partially intoxicated, entered the saloon, where, as the evidence tends to show, he drank whiskey and became helplessly drunk, and was ejected from the saloon by defendant's servant. Plaintiff was not boisterous, and made no serious resistance. He

was thrust or pushed through the back door, and was found later in the day lying on his face on the ice and frozen ground just over a low platform extending beyond the door-steps, with his leg broken.   The evidence tends to show that defendant's servant seized him by the neck and shoulders, and hurried him to the door, and shoved or pushed him out over the steps, in a careless and reckless manner, and without regard to his condition or safety.   The conclusion of the jury, that his injuries were caused by the negligence and misconduct of defendant's servant, was warranted by the evidence.

The surgeon, Cummings, examined the injured limb shortly after the injury, and in the course of his examination as a witness testified, under objection, that pain experienced by the plaintiff in the injured leg for a year or more after the injury would be attributable to the fracture, and explained that injuries to the ligaments which occurred in such cases were slowly recovered from.   The witness was a medical expert, and there was no error in receiving this evidence.

The evidence introduced by plaintiff to contradict defendant's servant, Knutson, was proper, the foundation having been laid therefor in the cross-examination of the latter, and evidence of his peaceable character was properly rejected.

We think there was no abuse of discretion in denying the motion for a new trial on the ground of newly-discovered evidence, as disclosed in the affidavits of Nelson and Erickson.   The affidavit of Nelson is contradicted by that of the plaintiff, and the affidavit of Erickson tends to support the evidence of the witness Knutson, as given on the trial, as respects his conduct in ejecting the plaintiff, and to contradict the testimony of plaintiff's witness Hall on the same subject.   It was therefore cumulative as well as impeaching in its character.   And besides, on the whole record, we see no good reason why the evidence proposed should change the result.

Order affirmed.