CAROLINA LESCH v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 16, 1904.

Nos. 14,053—(97).

**Master and Servant.**

Under the claim of plaintiff, two watchmen were employed by defendant to remain at its shops and yards to protect its property from being removed or purloined by trespassers, and were authorized to search for such property when taken away. Upon information that some ties had been removed to plaintiff's home, they went there, entered her house, rummaged the premises, and conducted themselves in a brutal manner, so as to excite fear that they were burglars, thereby seriously frightening plaintiff. *Held*, that the facts stated brought the case within the general rule that a master is responsible for the torts of his servants, if committed with a view of the furtherance of the master's business, whether the same be negligently or wilfully done.

Action in the district court for Ramsey county to recover $2,600 for trespass. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of plaintiff for $500. From an order granting a motion for a new trial but denying a motion for judgment notwithstanding the verdict, defendant appealed. Affirmed.

*M. L. Countryman,* for appellant.

*Warren H. Mead,* for respondent.

LOVELY, J.

Action against defendant for alleged trespasses of two of its employees at the home premises of plaintiff. She recovered a verdict. Defendant made the alternative motion for judgment or a new trial. The court denied the motion for judgment, but granted a new trial. Plaintiff acquiesced in the order for a new trial. Defendant appeals from the denial of its motion for judgment.

Upon this review, we are only authorized to determine whether there is evidence reasonably tending to support the plaintiff's cause of action, under the theory upon which it was submitted.

The testimony tends to show that the acts complained of were com-

[1] Reported in 101 N. W. 965.

mitted by two persons, McKenna and Fanger, who were employed by defendant as watchmen in its St. Paul shops and yards, about two or three blocks distant from plaintiff's home, where the alleged trespasses are claimed to have occurred. It appears from the evidence that it was the duty of McKenna and Fanger to watch the defendant's railroad yards, keep persons from breaking into the same or purloining property therefrom, look after and search for any property of the company that had been taken away, and protect the company's interests in that respect generally. Some railroad ties were missed from the defendant's yard, and attention was directed to the house of the plaintiff, where it was supposed they had been taken. About ten o'clock in the forenoon of the day, while the watchmen were engaged in the master's service, they went to plaintiff's house, and a sharp conflict arose on the evidence as to what occurred there between these persons, who were witnesses for defendant, and plaintiff, who testified in her own behalf. The watchmen claim that they were on the premises to find the ties, and went into plaintiff's house solely in acceptance of her invitation, which she denied; that some tools with marks indicating defendant's ownership were found, which were laid aside. Plaintiff stated that the watchmen, while in the house, opened trunks containing the clothing of herself and family, and rummaged the premises, making themselves obnoxious generally; that their conduct was overbearing and brutal in the extreme, by reason of which she was seriously frightened, became sick, and suffered substantial damages. This was denied by the watchmen, but upon the issues of fact thus made there was a fair question of fact whether the defendant's watchmen were trespassers, and at the time committed any wrongful act in seeking to find the defendant's property, which they were employed to make search for and recover.

The sole contention of defendant on its motion for judgment is that the defendant is not liable for the acts of its watchmen, since the trespasses perpetrated as asserted by plaintiff were outside the scope of their employment, and not in the furtherance of the services they were engaged to perform. It does not appear to us that there can be very much doubt that the testimony reasonably tends to support the claim that the acts of the watchmen in searching for the property belonging to defendant, claimed to have been taken from its yards, bring

the case within the general rule that a master is responsible for the torts of his servants, done with a view to the furtherance of the master's business, whether the same be negligently or wilfully done, since it was apparently within the scope of such servants' agency. Mulvehill v. Bates, 31 Minn. 364, 17 N. W. 959; Ellegard v. Ackland, 43 Minn. 352, 45 N. W. 715; Brazil v. Peterson, 44 Minn. 212, 46 N. W. 331; Smith v. Munch, 65 Minn. 256, 68 N. W. 19.

The order of the trial court is affirmed, and the cause is remanded for a new trial.