CULLEN, Appellant, v. DICKINSON et al., Respondents.

(144 N. W. 656.)

1. **False Imprisonment—Evidence—Exemplary Damages.**

   In an action for false imprisonment, evidence that defendants, police officers, acted under orders of a city commissioner in restraining plaintiff and temporarily imprisoning her, was admissible on the issue of exemplary damages, though the purpose of the evidence should have been clearly pointed out by the instructions.

2. **Action—Form of Action—Abolition—Rights of Action.**

   While all forms of action are abolished by statute, substantive rights remain, and every wrongful act or omission resulting in damages recoverable in any form of action at common law, unless changed by statute, still constitutes a cause of action, and damages therefor are recoverable in a "civil action."

3. **False Imprisonment—Unlawful Partial Restraint of Liberty—Nature of Wrongful Act—Damages, Compensatory—Punitive Damages.**

The primary right involved in connection with false imprisonment is the liberty of the citizen, of his freedom of locomotion, which may be violated by a complete restraint, known at common law as false imprisonment, or by partial restraint, as in case of assault, upon the exercise of one's liberty by conduct equivalent to actual or constructive assault. If such acts were unlawful, they entitle the person injured thereby to compensatory damages, and, if accompanied by malice, actual or constructive, to punitive damages also.

4.   False Imprisonment—Right of Action—Age of Person Restrained—Attending Public Dance.

It being conceded that plaintiff, in entering a public dance hall as an invited guest, violated no state law or city ordinance, or committed any act which would justify any restraint of her liberty, held, that she could, regardless of her age, recover damages against a police officer who, by physically restraining her, or arresting her, prevented her from entering the dance hall on the ground that she was not 18 years of age; and requested instructions embracing this theory of law, were improperly refused.

(Opinion filed December 22, 1913.)

Appeal from Circuit Court, Minnehaha County.   Hon. Joseph W. Jones, Judge.

Action by Elizabeth Cullen against R. W. Dickinson and others, to recover damages for false imprisonment.   From a judgment for defendants, and from an order denying a new trial, plaintiff appeals.   Reversed, and remanded for further proceedings.

*Joe Kirby,* for Appellant.

The court erred in the receipt of evidence:

The answer consists alone of a general denial, and under such general denial the only issue which can be presented is— Did the defendants deprive the plaintiff of her liberty? Newell-Malicious Prosecution (1892 Ed.) p. 416, 19 Cyc. 360-362.

The court erred in refusing requested instructions presented by the plaintiff. Newell, Malicious Prosecutions, p. 595. Sackett's Instructions to Juries, (1908 Ed.) Sec. 531. Cooley on Torts, (3 Ed.) p. 296. Miller v. Ashcroft, 32 S. W. (Ky.) 1085. Harkins v. State, 6 Tex. App. 452.

*Muller & Conway,* for Respondents.

From a reading of the instructions given by the court in

this case, it will be found that all of the material instructions requested by the plaintiff are covered.

The court correctly stated the law, and correctly stated to the jury, what facts would constitute an arrest. The giving of instruction number two, as asked for by the appellant, would be tantamount to directing a verdict in favor of the plaintiff, and taking the question of the arrest entirely out of the hands of the jury. The court correctly instructed the jury..

SMITH, J. Action for damages for false imprisonment or deprivation of personal liberty. Answer by general denial. Verdict for all defendants. Appeal from the judgment, and from an order overruling motion for a new trial. Appellant assigns error in various rulings upon matters of evidence; in directing a verdict in favor of defendant Dickenson; in refusing certain requests for instructions; in the general charge to the jury; and in refusing appellant a new trial.

The record discloses that the defendant Dickenson was one of the commissioners; the defendant Johnson, chief of police, and the defendant Storey, a policeman, of the city of Sioux Falls. Public dances were being conducted by one Ross, in a hall in the city of Sioux Falls, which, previous to the alleged wrongful acts of defendants, plaintiff had attended with her sister and other acquaintances. Prior to the time of the alleged wrongful acts, the defendant Dickenson ordered his co-defendants to station themselves at the dance hall, and to permit no person under 18 years of age to attend the dances. At the time of the alleged wrongful acts of his co-defendants, Dickenson was not present, and had no knowledge thereof until the next day. ·

At the trial, plaintiff testified—and was fully corroborated by other witnesses—that about the 9th of May, 1912, she went to the hall to attend a dance in company with one Rose Beaner; that when they arrived at the hall, defendants Storey and Johnston were at the door, and refused to allow plaintiff to enter the hall, alleging that she was under 18 years of age; that plaintiff told them she was 19 years of age; that certain of her friends there present also told the two defendants that she was over 18 years of age; that defendants refused to accept said statements, and continued to refuse her admission; that she insisted on entering the hall, whereupon Chief of Police Johnston told Storey to

take her away; that Storey took her to police headquarters at the auditorium, put her in a room and left here there for 20 minutes or half an hour, after which she was told she could go, but that she would not be permitted to attend the dance.   The complaint also alleges, and the evidence shows, that about the 11th, and again on the 14th of May, 1912, the defendants Johnston and Storey, pursuant to the same orders, stood in the doorway of the hall in the evening when public dances were being conducted therein, at which the plaintiff was an acceptable guest, and by a show of physical opposition and by forbidding plaintiff to enter the door, excluded her from said dances and from participating therein, though her friends and acquaintances were then in the hall. The complaint also alleges that defendant acted wilfully and maliciously, and without right or authority, and deprived plaintiff of her liberty to attend said dance.   Though we do not think it material the evidence conclusively shows that plaintiff was over 19 years of age, at the times mentioned.

At the close of the trial, the court directed a verdict for the defendant Dickenson, for the reason that the acts of Johnson and Storey in making the alleged arrest were not authorized by the orders given them by Dickenson, which were to exclude from the hall all persons under 18 years of age, and not to arrest them. Dickenson admitted giving orders to exclude such persons from the dance hall, and his own testimony, as does that of his co-defendants, tends to show a ratification of the acts of the two officers present at the hall   In the view we take of this case, however, we do not deem it necessary to consider the matter of ratification.   Appellant contends that the direction of a verdict for defendant Dickenson was the cause of the verdict in favor of the other defendants.   While such contention may seem plausible, we are unable to say from the record that it materially influenced or determined the action of the jury as to the other defendants, and cannot predicate error thereon.   In the view we take of this case, it becomes necessary to grant appellant a retrial, upon which proper issues may be submitted to the jury as to the liability of all defendants.

[1]   Appellant assigns error in receiving evidence of the orders given by Dickenson, as tending to justify the acts of Johnston and Storey.   The court committed no error in this re-

spect. It is true, no justification was pleaded in the answer. The only issues were as to trespass by unlawful acts of the defendants and the damages resulting therefrom.

The plaintiff, however, claimed not only actual damages but alleged facts which would entitle her to exemplary or punitive damages. The general denial raised an issue as to whether these acts were malicious. Under this issue it was competent for defendants to show their official positions and all facts and circumstances attending the transaction, not as a defense by way of justification, but to prevent or lessen any recovery of exemplary damages. Under this issue it was competent for the defendants to introduce evidence tending to show that they acted in good faith and without malice, even though such evidence might have a tendency to induce the jury to believe that the acts were justified. The purpose of such evidence, however, should have been clearly pointed out by proper instructors, to the effect that it was not to be considered as justifying the acts, or as reducing the amount of actual damages, but was competent, and should be considered only, in mitigation of exemplary or punitive damages. The court did not err in receiving this evidence. Richardson v. Huston, 10 S. D. 484, 74 N. W. 234.

[2] This brings us to the vital question in this case. In this state, forms of action are abolished by statute, but substantive rights remain. Every wrongful act or omission resulting in damages recoverable in any form of action at common law, unless changed by statute, still constitutes a cause of action, and damages therefor are recoverable in a "civil action."

[3] The primary right involved in the matters alleged in the complaint is the liberty of the citizen—the right of freedom of locomotion—the right to come and go or stay, when or where one may choose. This is a right capable of being violated only by some unlawful act or conduct of another, which constitutes actual restraint, total or partial, upon the exercise of one's liberty. Such restraint can be accomplished only by some act or conduct equivalent to assault, actual or constructive. The wrongful assault may be such as to amount to a total deprivation of liberty, which was known at common law as false imprisonment, or it may consist only of a wrongful and forcible obstruction of the right of an individual to go in a particular direction, for

which at common law an action of trespass on the case, or assault if the person was so touched or threatened as to amount to an assault, would lie. In one case the restraint is complete, in the other partial. Under our Code these different forms of action are abolished, but the grounds of action remain, and may be stated in the form of action known as a "civil action." In the present case, it becomes wholy immaterial whether the acts alleged in the complaint and proved at the trial amount to what was known at common law as "false imprisonment," or only to an unlawful partial restraint of liberty, for which an action on the case or assault would lie. If the acts were unlawful, they entitled the plaintiff to compensatory damages, and to punitive damages also if accomplished by malice, actual or constructive. The extent and character of the unlawful restraint would affect only the amount and kind of damages recoverable. A discussion of the common law- action for false imprisonment is therefore unnecessary, and could lead only to confusion of ideas, rather than to a clear perception of the principle involved. The right violated by this species of tort is freedom of locomotion. Any unlawful conduct or act imposing actual restraint completes the tort for which an action will lie. In this case, no justification was pleaded and we are not called upon to consider that subject.

[4] It is conceded that the plaintiff had done no act which violated any law of this state, nor any ordinance of the city of Sioux Falls, nor which would justify any restaint of her liberty. The dance itself was not a violation of any law or ordinance. The plaintiff was an invited and welcome guest, and other persons were permitted to attend without restraint. Under such circumstances plaintiff's age was wholly immaterial, as affecting her right to enter the hall, or attend the dance. Plainly the acts of defendants deprived appellant of her liberty to go where she might lawfully choose and was a wrongful trespass against her legal rights. It was a total deprivation of liberty with reference to the purpose for which she lawfully wished to employ her liberty, and was an actual restraint of the person. It is not even suggested that any statute of this state or any ordinance of the city of Sioux Falls exists which would justify either the arrest of appellant or her exclusion from the hall. Such unlawful restraint of her liberty clearly entitled plaintiff to damages, the ex-

tent of which must be determined by a jury, under proper instructions.

Appellant requested instructions embracing this theory of the law, which were refused by the trial court, and error is assigned. The material portions of the instructions refused are as follows: That the defendants did "deprive her of her liberty, in that they did, without right or authority, prevent her from attending a dance and place of public amusement, in the city of Sioux Falls, for which she claims she had been damaged in her good name and reputation, as well as mental and physical suffering in the sum of $2,500.* * * Under the Constitution and laws of this state, every person is guaranteed, among other things, his free right and liberty, and can be deprived of such liberty only in the manner and way provided by law. * * * It is sufficient to show that the defendants, at any time or place, in any manner restrained the plaintiff, Miss Cullen, of her liberty, or detained her in any manner from going where she wished, or prevented her from doing what she wished, provided this was done without legal authority." None of the instructions given by the trial court cover this theory of the action, and the trial court erred in its refusal to submit the case to the jury upon the theory of plaintiff's rights as defined by the instructions refused.

Other instructions were requested, and instructions given, relating to false imprisonment, which are assigned as error. We consider these assignments immaterial in the view of the fundamental principles which are decisive of this appeal. As before observed, such instructions relate to matters which were material in determining the extent and character of plaintiff's damages, but do not effect her substantive rights. For that reason, they require no further consideration.

The judgment and order of the trial court must be reversed, and the cause remanded for further proceedings according to law.