## GERTRUDE SINCLAIR DURGIN v. MAX A. COHEN AND OTHERS.[1]

June 25, 1926.

No. 25,482.

**What constitutes an unlawful arrest or false imprisonment.**

1. To constitute an unlawful arrest or a false imprisonment, it is not necessary that force be used. The wrong is one which may be committed by acts or by words or by both. An unlawful restraint of the plaintiff or an interference with his personal liberty is essential, but he is deemed to have been put under restraint if words or acts induced a reasonable apprehension that force would be used if he did not submit.

**Failure of proof.**

2. The evidence failed to show that plaintiff had been subjected to an unlawful arrest or false imprisonment by words or acts of the defendants.

**Right of officer holding process in replevin.**

3. By virtue of process in a replevin action, a court officer has the right to take possession of the property described in the replevin papers and to enter the place of abode of the defendant in the action for that purpose, provided he can enter peaceably.

False Imprisonment, 25 C. J. p. 452 n. 74, 76; p. 454 n. 87, 94, 95; p. 547 n. 20.

Replevin, 34 Cyc. p. 1456 n. 46, 56.

[1]Reported in 209 N. W. 532.

See note in 20 L. R. A. (N. S.) 968.
See note in 7 L. R. A. (N. S.) 576; 11 R. C. L. p. 794; 2 R. C. L.
    Supp. 1323; 4 R. C. L. Supp. p. 721; 5 R. C. L. Supp. p. 616.
See note in L. R. A. 1916D, 284; 23 R. C. L. p. 893.

Action in the district court for Hennepin county for damages for unlawful imprisonment. The case was tried before Bardwell, J., who directed the jury to return a verdict in favor of defendants. Plaintiff appealed from an order denying her motion for a new trial. Affirmed.

*Marshall S. Snyder*, for appellant.

*Leonard, Street & Deinard*, for respondents.

LEES, C.

In an action for damages for unlawful imprisonment, the jury was instructed to return a verdict for defendants. Plaintiff's motion for a new trial was denied and she appealed.

Defendant Cohen commenced an action against plaintiff in the municipal court of the city of Minneapolis to recover possession of a diamond ring. Defendants Martin and Commers are officers of the municipal court and the replevin papers came into their hands for service. Accompanied by Cohen and a fourth man, not a party to this action, they went to plaintiff's apartment at about 3 p. m. In response to a rap, plaintiff opened the door partially, whereupon, to quote her testimony, Commers "put his head in the door and showed a star, and says: 'I want you.'" Plaintiff was not fully clad and asked the men to wait and went back and put on a kimona. When she returned the men were in her living-room, where they stood around her for about 20 minutes. Cohen said: "Come across with the diamond ring you have. I want that diamond." Plaintiff asked how he knew she had a diamond, and he replied: "I was tipped off." She told him she had purchased a diamond ring and showed it to him and he said it was not his. She mentioned the name of a young man who might know where the ring Cohen was in search of could be found, and suggested that someone telephone to him. In the meantime plaintiff's daughter and a woman friend

came in and were present during the latter portion of the inter-
view. Finally Commers said: "I might as well leave this," and
laid the replevin papers on the table and the men departed.

The foregoing is a summary of the facts relative to the alleged
arrest or imprisonment as disclosed by plaintiff. Giving full credit
to her testimony, can it be said that a jury might properly find
that any unlawful restraint had been imposed upon her personal
liberty?

To constitute an unlawful arrest or a false imprisonment, it is not
necessary that force be used. The wrong is one which may be com-
mitted by acts or by words or by both. An unlawful restraint of
the plaintiff, or an interference with his personal liberty, is essen-
tial, but he is deemed to have been put under restraint if words or
acts induced a reasonable apprehension that force would be used
if he did not submit. In short, any unlawful exercise or show of
force by which a person is compelled to remain where he does not
wish to remain or to go where he does not wish to go, is actionable.

These principles are too well settled to justify any extended com-
ment. Citations of the cases will be found in 11 R. C. L. pp. 793-
794; 25 C. J. pp. 452-455; Ann. Cas. 1912D, note p. 727 et seq; 31
A. L. R. note p. 314 et seq; 6 A. L. R. 1469. Among those applic-
able to the facts in the case at bar, we note Jacques v. Childs D. H.
Co. 244 Mass. 438, 138 N. E. 843, 26 A. L. R. 1329; Sweeney v. F.
W. Woolworth Co. 247 Mass. 277, 142 N. E. 50, 31 A. L. R. 311;
Knowlton v. Ross, 114 Me. 18, 95 Atl. 281; Martin v. Houck, 141 N.
C. 317, 54 S. E. 291, 7 L. R. A. (N. S.) 576; Whitman v. Atchison,
T. & S. F. Ry. Co. 85 Kan. 150, 116 Pac. 234, 34 L. R. A. (N. S.)
1029, Ann Cas. 1912D, 722; Cullen v. Dickinson, 33 S. D. 27, 144
N. W. 656, 50 L. R. A. (N. S.) 987, Ann. Cas. 1916B, 115; Hebrew
v. Pulis, 73 N. J. L. 621, 64 Atl. 121, 7 L. R. A. (N. S.) 580, 118
Am. St. 716; Hill v. Taylor, 50 Mich. 549, 15 N. W. 899; Polonsky
v. Penn. R. Co. (C. C.) 184 F. 558; Johnson v. Norfolk & Western
Ry. Co. 82 W. Va. 692, 97 S. E. 189, 6 A. L. R. 1469.

We are of the opinion that plaintiff failed to establish the cause
of action set forth in her complaint. She was not placed under ar-

rest or deprived of her liberty. Neither force nor threats was used to restrain her freedom of action. She was not detained against her will at a place where she did not wish to be or forced to go where she did not wish to go.

The court officers had a right to take possession of the property described in the replevin papers. G. S. 1923, § 9334. They also had the right to enter plaintiff's place of abode for that purpose, provided they could enter peaceably. Palmer v. King, 41 App. Cas. (D. C.) 419, L. R. A. 1916D, 278, Ann Cas. 1915C, 1139; 23 R. C. L. pp. 892-893. We fail to discover anything in the evidence which would justify a jury in finding that either Cohen or the officers were trespassers.

No doubt the incident affected plaintiff unpleasantly and it may be that she has a remedy if the replevin action was prosecuted maliciously and without probable cause, but we are satisfied that the proof fell short of establishing the cause of action alleged in her complaint.

Order affirmed.