# CHARLES McDERMOTT v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

January 11, 1929.

No. 26,987.

L. K. Eaton and John E. Palmer, for appellant.
William M. Nash and Chester L. Nichols, for respondent.

TAYLOR, C.

Action for false imprisonment in which plaintiff had a verdict for $3,500. Defendant made a motion for judgment notwithstanding the verdict and, in the event that should be denied, made a motion for a new trial. The motion for judgment was denied, but the motion for a new trial was granted unless plaintiff should file a written consent that the verdict be reduced to $1,800. Plaintiff filed the written consent, and judgment was entered on the verdict as so reduced. Defendant appealed therefrom.

Defendant uses the depot of the Chicago, Milwaukee & St. Paul Railway Company for its passenger trains in the city of Minneapolis. Daniel Webb was a special agent of defendant employed for

[1]Reported in 223 N. W. 94.

the purpose of protecting its property, the property of its employes and passengers, and of enforcing the rules against loitering about its depots and premises. Webb came into the Minneapolis depot on a passenger train in the afternoon of Saturday, February 26, 1927. He observed plaintiff in the depot and questioned him. Not being satisfied with the account plaintiff gave of himself and thinking that he resembled the description of a robber for whom the Minneapolis police were searching, Webb took him to the police station where he was locked up and kept until the following Monday when he was released, the people who had been robbed having failed to identify him. No warrant for his arrest was issued at any time.

Webb was not an officer and had no authority to make arrests except that which the law gives to any private citizen. Defendant insists that the account which plaintiff gave of himself when questioned justified Webb in arresting him as a vagrant. This claim is based mainly on Webb's version of what took place, much of which is denied by plaintiff. Although plaintiff's testimony shows that he had no fixed place of abode and had worked but little during the preceding two years, it also shows that he had some property interests and was not entirely without means of support. From the evidence as a whole the jury could properly find that plaintiff had been unlawfully arrested and caused to be imprisoned by Webb. Durgin v. Cohen, 168 Minn. 77, 209 N. W. 532, and cases cited.

Defendant contends that the damages are excessive and were given under the influence of passion and prejudice, and that the charge of the court tended to create a prejudice against defendant in the minds of the jury. The court in its charge read the portion of the complaint which set forth the cause of action and contained assertions some of which were not warranted by the evidence. The case of the plaintiff in such actions is so often overstated in his complaint that it can seldom be properly read to the jury in the charge. Webb claimed that he did not arrest plaintiff but, after questioning him, asked him to go to the police station for further questioning, to which plaintiff assented; that they went to the police station, where plaintiff was questioned by the officer in charge, who then directed

that he be held for investigation and caused him to be locked up in the city jail; and that he, Webb, was not responsible for the action of the police officer. Apparently referring to this claim the court told the jury:

"If you find from the evidence that the plaintiff voluntarily went into and stayed in the Minneapolis city jail on the afternoon of February 26th, 1927, and voluntarily remained therein until his release on February 28th, 1927, such fact does not constitute a false arrest or false imprisonment, and the defendant would not be liable and your verdict should be for the defendant. That is, if he went in there voluntarily."

The jury were likely to take this statement as ridiculing the claim of Webb.

We are unable to account for the amount of this verdict on the facts of this case except on the theory that it was given under the influence of prejudice. The trial court felt that it could not stand and granted a new trial unless plaintiff consented to reduce it nearly one-half. Even as reduced the amount is large, and we think the case is one which calls for a new trial. Woodward v. Glidden, 33 Minn. 108, 22 N. W. 127; Smith v. Munch, 65 Minn. 256, 68 N. W. 19; Rauma v. Lamont, 82 Minn. 477, 85 N. W. 236; Roemer v. Jacob Schmidt Brg. Co. 132 Minn. 399, 157 N. W. 640, L. R. A. 1916E, 771.

In view of another trial it may be proper to say that under the rule in this state the evidence was sufficient to make the question of defendant's responsibility for the acts of Webb a question for the jury, and that exemplary damages may be allowed. Smith v. Munch, 65 Minn. 256, 68 N. W. 19; Lesch v. G. N. Ry. Co. 93 Minn. 435, 101 N. W. 965; Barrett v. M. St. P. & S. S. M. Ry. Co. 106 Minn. 51, 117 N. W. 1047, 18 L.R.A.(N.S.) 416, 13 A. S. R. 585; Ehrhardt v. Wells, Fargo & Co. 134 Minn. 58, 158 N. W. 721.

The judgment is reversed and a new trial granted.

WILSON, C. J. (dissenting).

I think plaintiff was subjected to outrageous treatment and that the verdict should stand as reduced.