E. B. O'Quinn, of Marfa, for appellant.

Swearingen & Bledsoe, of Marfa, for appellees.

McGILL, Special Commissioner.

This suit originated in the District Court of Presidio County. F. M. Priddy sued J. D. Bunton, individually and as Sheriff of Presidio County, and the United States Fidelity and Guaranty Company, as surety on his official bond, to recover $3,000 actual and $2,000 exemplary damages growing out of an alleged false imprisonment of Priddy by Bunton. Trial before the court without a jury resulted in judgment that Priddy take nothing and that Bunton and the Surety Company recover from him all costs.

Appellant's points attack the findings of fact filed by the court because they are contrary to and not supported by the evidence; also the judgment because it is contrary to and not supported by the findings of fact, the contention being that the findings show a false imprisonment as a matter of law, and therefore appellant was entitled to at least nominal damages.

## PRIDDY v. BUNTON et al.

### No. 4321.

Court of Civil Appeals of Texas. El Paso.

Oct. 28, 1943.

Rehearing Denied Nov. 18, 1943.

Following are the court's Findings of Fact and Conclusions of Law:

"The plaintiff in this case contended, as shown by his pleadings, that on the 2nd day of May, 1940, after the payment by him of occupation taxes and the securing of a permit to operate a carnival and show business in the town of Marfa, Presidio County, Texas, that he and his employees began the erection and construction of tents and so forth, for the operation of such show and carnival; that on said date the defendant, J. D. Bunton, acting as Sheriff of Presidio County, Texas, told him that he would not permit him to set up and operate his carnival and show, and that said defendant threatened to tear down his said show, tents and so forth, if they were set up, and that he, the said defendant, would burn same; and, that the plaintiff failed to set up and operate his carnival and show for the reason that he was afraid the defendant J. D. Bunton would injure him and his employees and would damage and destroy his show materials, tents, and so forth.

"This was denied by the defendants.

"Findings of Fact:

"I find as a fact that the plaintiff herein paid the statutory taxes and secured permits for the operation of a carnival in the town of Marfa, Presidio County, Texas, and that on the 2nd day of May, A.D. 1940, he unloaded on a lot that he had rented for the purpose of operating said carnival in the City of Marfa, his equipment for such carnival.

"That he and his employees had erected a part thereof when the defendant J. D. Bunton (whom the plaintiff knew to be the Sheriff of Presidio County, Texas) told the plaintiff that he would not permit him to operate his carnival in Marfa or in Presidio County, Texas, stating that from what he had heard and from what he knew from the plaintiff having theretofore operated a carnival in said county and in said city, that there would be in connection with such carnival gambling and other violations of law, and that there would be bawdy houses and lewd women connected therewith, some of whom had venereal diseases, and that it would affect the morals and health of the community, and that the citizens and the army officers at the army camp near the city of Marfa, Presidio County, Texas, had complained about such things being permitted and about the damage and injury that it did and would do to the community and to the soldiers in said camp.

"I find as a fact that the defendant J. D. Bunton did not threaten to injure the plaintiff or any of his employees or associates in any way; and did not threaten to injure or burn any of the equipment or tents or materials of any kind used in connection with such carnival.

"I find as a fact that about one day after the 2nd of May, 1940, or the day on which the defendant J. D. Bunton had talked with the defendant as hereinabove related, that at or near the Post Office in the City of Marfa, Presidio County, Texas, the plaintiff again spoke to the defendant J. D. Bunton and requested that he permit him to open up and operate his carnival; that on said date J. D. Bunton again told the plaintiff that he would not permit him to operate said carnival and that if he attempted to do so, that he would throw every book in the court house at him, thereby meaning and thereby conveying to the plaintiff that he would prosecute him under every statute and law in the statute books if he attempted to operate said carnival, and that he did not mean to use any violence or to injure the plaintiff or his property or anyone connected with him in any way, but that he only intended to use legal and lawful means in preventing the operation of such carnival.

"I find as a fact that the plaintiff decided not to and did not operate his carnival in Marfa, Presidio County, Texas, on about May 2nd, 1940, or any time thereafter, not for the reason that he was afraid that the defendant J. D. Bunton would injure him personally or would injure his employees or associates, or that he would injure the plaintiff in his person or property, but that he decided not to operate such carnival and did not operate same for the reason that he feared legal prosecution if he attempted to operate same.

"I further find as a fact that the defendant J. D. Bunton did not injure the plaintiff or any of his employees or any of his property in any way, and that there was no proof shown at the trial of this case of any damage to the plaintiff on account of what the defendant J. D. Bunton did or said to the plaintiff.

"I further find as a fact that the defendant J. D. Bunton did not act with malice toward the plaintiff or any of his employees, and did not desire in any way to cause in-

jury to the plaintiff or his business if they were legal, but that his only object and intention was to prevent violations of the law and injury to the morals of the community and to protect them against violations of the law and immorality.

"Conclusions of Law:

"Having found that the defendant J. D. Bunton did not injure or damage the plaintiff in any way as set forth, I therefore conclude that the plaintiff is not entitled to any damage whatever, and that the defendants and each of them are entitled to a judgment that the plaintiff take nothing, and pay all costs of suit."

 We have carefully examined the statement of facts and conclude that the evidence was sufficient to support the court's findings of fact. Under these findings no false imprisonment is shown. Art. 1169, Revised Penal Code of 1925, defines "false imprisonment" as "the wilful detention of another against his consent and where it is not expressly authorized by law, whether such detention be effected by an assault, by actual violence to the person, by threats or by any other means which restrains the party so detained from removing from one place to another as he may see proper."

It may be conceded that had Bunton's statement to Priddy that "he would not permit him to operate his carnival in Marfa or in Presidio County," in view of the circumstances under which it was made, so intimidated or over-awed Priddy that he "could not and did not exercise his will to proceed to and complete the setting up of his carnival and equipment and to operate and conduct his carnival," as alleged by him, that a false imprisonment would have been shown. Woods v. State, 3 Tex.App. 204; Cullen v. Dickinson, 33 S.D. 27, 144 N.W. 656, 50 L.R.A.,N.S., 987, Ann.Cas. 1916B, 115, cited in Newton v. Rhoads Brothers, Tex.Com.App., 24 S.W.2d 378; A. Harris & Co. v. Caldwell, Tex.Civ.App., 276 S.W. 298.

But the finding that Priddy "decided not to and did not operate his carnival in Marfa, Presidio County, Texas, on about May 2nd, 1940, or any time thereafter, not for the reason that he was afraid that the defendant J. D. Bunton would injure him personally or would injure his employees or associates, or that he would injure the plaintiff in his person or property, but that he decided not to operate such carnival and did not operate same for the reason

that he feared legal prosecution if he attempted to operate same," negatives any inference that such statement, considering all the circumstances under which it was made, constituted a threat calculated to operate upon Priddy and inspire in him a just fear of some injury to his or another's personal property within the purview of Art. 1172, Penal Code.

In determining whether the language employed under the circumstances was sufficient to intimidate Priddy and prevent him from exercising his will to complete the setting up of his equipment and the opening of his carnival, the court under the evidence could consider Priddy's disposition, whether passive, submissive and easily influenced, or the opposite. Waggoman v. Ft. Worth Well Machinery & Sup. Co., 124 Tex. 325, 76 S.W.2d 1005; Art. 1172, Penal Code.

The evidence was ample to support the above finding.

Affirmed.

This opinion directed to be written and is adopted by the Court.

WALTHALL, J., not participating.