WILLIAM H. DENNIS *vs.* ALBERT JOHNSON.

January 8, 1890.

Libel—New Trial for Excessive Damages.—*Pratt* v. *Pioneer Press Co.,* 32 Minn. 217, followed, as to the power of the trial court to set aside, as excessive, an award of damages for libel, and declaring the rule to be regarded in reviewing such an order. Order setting aside a verdict for $5,000 sustained.

Same—Charge of Dishonesty against Architect.—The language of a publication referring to the plaintiff's faithfulness and honesty in his profession as an architect *held* susceptible of a meaning charging the plaintiff with unfaithfulness and dishonesty.

Evidence—Justification.—Evidence considered as not conclusively establishing a justification.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young,* J., presiding, granting a new trial.

*Davis & Farnam,* for appellant.

*Hart & Brewer,* for respondent.

DICKINSON, J. This is a civil action for libel. The plaintiff had a verdict for $5,000. The trial court, deeming the amount of the

verdict excessive, set it aside, and granted a new trial.   The plaintiff appealed.   The plaintiff is an architect, and for several years has resided in the city of Minneapolis, where he has been engaged in the practice of his profession as an architect and a superintendent of the construction of buildings.   The defendant employed the plaintiff as an architect, and to superintend the construction of a building, intended to be fire-proof, in the city of Minneapolis.  Shortly after the plaintiff's service in that capacity ceased, the defendant attached together several pine chips and pieces of wooden barrel staves, to which he affixed the following writing, signed by himself:

"NOTICE.

"The annexed specimens were all found as placed under one window-sill of my building at corner of 4th street and 1st avenue south, in Minneapolis, Minnesota, of which Louis Fredrickson was brick contractor and W. H. Dennis & Co. architects and superintendents. This brick contractor and this architect and superintendent are now doing business in this city, and would doubtless be pleased to labor for and serve you as faithfully and honestly as they did me.

"August 27, 1888.                          ALBERT JOHNSON."

The defendant suspended the pieces of wood with this "notice" in a window of his office adjacent to one of the streets of Minneapolis, where it could be seen and read by persons upon the street.   It remained so exposed for a long time.

The principles by which trial courts should be controlled in considering whether a verdict in such a case should be set aside upon the ground that it is excessive have been set forth in Pratt v. Pioneer Press Co., 32 Minn. 217, (18 N. W. Rep. 836, and 20 N. W. Rep. 87.)   See, also, in this connection, Woodward v. Glidden, 33 Minn. 108, (22 N. W. Rep. 127.)   The case first cited also declares the rule by which this court should be guided in reviewing the action of the trial courts in such cases.   While the case was such as to have justified the awarding of substantial and even punitory damages, yet the amount of the verdict was such as to call upon the trial court for the exercise of its sound practical judgment and supervisory authority; and it is not apparent to us that this authority has been

exceeded, or that the verdict ought to stand notwithstanding the opinion of the trial court to the contrary. The appellant claims that it is apparent from the language of the learned judge that he did not regard the verdict as having been given under the influence of passion or prejudice. The language referred to does not justify such an inference, in view of the decision setting aside the verdict. The statement by him that he recalls nothing occurring at the trial that would tend to excite the passion or prejudice of the jury does not justify the inference which the appellant would have us draw. Such passion and prejudice may exist from causes not apparent to the court, and even from causes not connected with the trial. Such feelings may affect the minds of jurors even before they are called for the trial. And merely from the excessive amount of a verdict, although there has been nothing in the course of the trial which would ordinarily be calculated to improperly affect the minds of jurors, the court may be justified in the conclusion that the result is to be attributed to the influence of passion—that is, of excited feeling—rather than sober judgment, or of prejudice,—that is, a state of mind partial to the successful party or unfair to the other. *Pratt* v. *Pioneer Press Co., supra.*

The respondent urges other reasons in support of the order appealed from, which we will pass upon as the same questions may arise again in the future course of the action. It is claimed that the publication complained of was not susceptible of the defamatory meaning charged in the complaint, and that at most it imported only a charge of negligence in respect to this particular matter. The publication is susceptible of the broader meaning charged in the complaint, that is, as importing a charge against the plaintiff of dishonesty, unfaithfulness, and incompetency in his business habits and the practice of his profession. From the latter part of the "notice," in connection with what goes before, and the "annexed specimens," the jury would be justified in the conclusion that the defendant's meaning was that, if others should employ the plaintiff in his professional capacity, he would act with them *un*faithfully and *dis*honestly as he had done with the defendant.

The defendant claims to have shown a complete justification. Concerning this, it need only to be said that, granting that there was evidence tending to show dishonesty or a want of fidelity on the part of the plaintiff, the proof was certainly not conclusive.

Order affirmed.