OLE PERSON v. THOMAS BOWE.

April 18, 1900.

Nos. 11,951—(31).

### Wages.

Action for wages as a farm laborer, in which it is *held*:

### Findings Sustained by Evidence.

1. That the findings of the trial court, to the effect that the contract was for seven months' service only, and that the plaintiff performed the contract on his part, are sustained by the evidence.

### Evidence.

2. That certain evidence was not within the rule that an offer to compromise à disputed matter is not admissible against the party making the offer, and that the court did not err in receiving the evidence.

Action in the municipal court of Mankato to recover $119 and interest for wages. The case was tried before Shissler, J., who found in favor of plaintiff for $109 and interest. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*W. R. Geddes*, for appellant.

*W. E. Young*, for respondent.

START, C. J.

Action for wages as a farm laborer. The complaint alleged that the plaintiff worked for the defendant seven months for the agreed price of $17 per month, and that no part of his wages had been paid, except $10. The answer alleged that the plaintiff agreed to work for the full term of eight months, for $16 per month for the first four months of the term, and at $18 per month for the last four months thereof; that the services mentioned in the complaint were performed pursuant to such special contract, and that after working seven months the plaintiff abandoned the contract without the consent of the defendant; and, further, that the plaintiff had been paid on such contract $15. The trial court found, in effect, that the allegations of the complaint were true, and ordered judgment for the plaintiff for $109. The defendant appealed from an order denying his motion for a new trial.

1. The first alleged error is that the findings of the court are not sustained by the evidence. The principal issue was whether the contract was for seven months' service, or eight months'. It may be conceded that the preponderance of the evidence on this issue was in favor of the defendant, but it was not conclusive. The finding is fairly supported by the evidence.

2. Evidence on behalf of the plaintiff was received by the court, over the defendant's objections, to the effect that when the plaintiff demanded his pay for his services the defendant said that he could not then pay, but would let the plaintiff have $20, and would pay the rest about the middle of November; that, if the plaintiff "would throw off five dollars," he would at once pay the claim. It is here urged that this was reversible error, for the reason that it violated the rule that an offer to compromise a disputed matter is not admissible in evidence against the party making the offer. The evidence objected to was not within this rule; for it did not relate to any matter then in dispute between the parties, or to any attempt to compromise a disputed claim. On the contrary, it was an offer of present payment of a then undisputed claim, if the proposed discount was allowed. The evidence was competent and relevant upon the issue whether the contract was for seven months' service, as claimed by the plaintiff. It tended to show an indirect admission on the part of the defendant that the plaintiff had performed his contract; for, if true, no claim was made to the contrary by the defendant when the demand for payment was made.

Order affirmed