B. O. OTTERNESS v. HALVOR K. BOTTEN and Another.[1]

July 11, 1900.

Nos. 12,065—(62).

New Trial—Absent Witness.

> The trial court, in this case, did not abuse its discretion in denying the
> defendant's motion for a new trial on the ground that by accident and
> surprise he failed to secure the attendance, at the trial, of a material
> witness.

Action in the district court for Kandiyohi county on a promissory
note. The case was tried before Qvale, J., and a jury, which ren-
dered a verdict in favor of plaintiff. From an order denying a
motion for a new trial, defendant Paaverud appealed. Affirmed.

*Olney & Frye,* for appellant.

*Geo. H. Otterness,* for respondent.

START, C. J.

Action on a promissory note for $68.15. The summons was
served on the defendant Paaverud only, who answered that he
signed the note as surety for his co-defendant Botten; that the note
was given for seed wheat, which was warranted to germinate; and
that there was a breach of warranty, in that the wheat was sown,
but wholly failed to grow, whereby there was a failure of the con-
sideration of the note. The affirmative allegations of the answer
were put in issue by the reply. Verdict for the plaintiff, and the
defendant Paaverud appealed from an order denying his motion for
a new trial.

The basis of the motion was that the appellant's co-defendant
Botten was a necessary and material witness, and that he was taken
by surprise by the failure of Botten to appear at the trial.

The moving papers tend to establish these facts: As between
themselves, Botten was the principal on the note, and Paaverud
was his surety. The former resided in South Dakota, fourteen
miles from Britton, his post-office address. The appellant, shortly

[1] Reported in 83 N. W. 382.

after the summons was served upon him, wrote to Botten, advising him of the fact, who promptly answered by mail that, if the appellant would let him know when the trial would be, he would attend as a witness in his behalf. Accordingly, on June 1, 1899, the appellant wrote to Botten, advising him that the case would come on for trial at Willmar, Minnesota, at the term of court commencing June 26, 1899. He received no reply to this letter, and on June 20, 1899, he caused his attorneys to write to Botten. They did so, telling him that the cause would probably be reached for trial on June 28. Botten did not receive either of the letters, and did not appear at the trial. When the cause was called for trial, the appellant and his attorney believed that Botten would be present at the opening of the court on the following morning, and proceeded to trial without asking for a continuance, so far as the record discloses. On the next morning, the witness failing to appear, the appellant was unable to establish his defense, and the trial court instructed the jury to return a verdict for the plaintiff. The appellant and his attorney relied upon the promise of Botten to attend the trial as a witness.

A new trial on the ground of accident or surprise should be granted only in cases where it is very clear that the moving party has exercised due diligence in the premises. A motion for a new trial on this ground is addressed to the sound discretion of the trial court, and its decision thereon will not be reversed by this court except for an abuse of such discretion. Upon the appellant's own showing in this case it must be held that the motion was properly denied by the trial court, for it falls far short of establishing any accident or surprise which ordinary prudence could not have guarded against. Conceding, without so deciding, that the appellant, in view of the relation of Botten to the action and to himself, was justified, in the first instance, in relying on his promise to be present at the trial if advised as to the time (see Mackubin v. Clarkson, 5 Minn. 193 [247]), still the trial court did not abuse its discretion in holding that he was wanting in ordinary prudence. The very fact that the first letter was answered at once, taken in connection with the further fact that twenty days had passed, and no response had been received to the second letter, would naturally suggest to a prudent man that Botten either had not received the second letter, or that

he had changed his mind, and that some other means must be resorted to to secure his attendance or his deposition, or a continuance of the case.

Order affirmed.