## ROSSER v. BROADWATER MILLS CO. et al.

### No. 3347. Decided June 18, 1919. (182 Pac. 204.)

1. APPEAL AND ERROR—DISMISSAL —NONCOMPLIANCE WITH RULES. Though appellant did not file abstract of record within 15 days after filing the transcript, or within any time given therefor, and no assignments were set forth in the printed abstract, and the date of filing the papers was wholly omitted, *held* that, though the omissions were in violation of rules 6, 10, and 26 (33 Utah, vii, viii, xiii, 97 Pac. viii, x), and caused inconvenience to respondent's counsel, yet, as the omissions did not in any wise prejudice respondent and the court had jurisdiction, the appeal will not be dismissed. (Page 523.)

2. APPEAL AND ERROR—REVIEW—ASSIGNMENTS OF ERROR. To authorize a review of the evidence, an assignment as to sufficiency must specify the particulars wherein it is insufficient.[1] (Page 523.)

3. DAMAGES—PERSONAL INJURIES. Where a boy 19 years of age suffered injuries, which included the breaking of bones in a foot, the displacement of his kneecap, injuries to his hearing, spine, kidneys, and back, and his foot was still stiff at the time of trial, *held* that an award of $4,800 cannot be deemed excessive, or the result of passion and prejudice. (Page 524.)

4. APPEAL AND ERROR—RECORD—ARGUMENT OF COUNSEL. An assignment of error, complaining that counsel for plaintiff in a personal injury action had referred to "the insurance company in the case," *held* not reviewable, where the expression, if used, was withdrawn, and no objection was taken or exception filed. (Page 524.)

Appeal from District Court, Third District, Summit County; *P. C. Evans*, Judge.

Action by Morgan Rosser, by Katherine George, his guardian, against the Broadwater Mills Company and C. C. Broadwater. From a judgment for plaintiff, defendants appeal.

AFFIRMED.

---

[1] *Holt* v. *Great Eastern Casualty Co.*, 53 Utah, 543, 173 Pac. 1168.

*Gustin, Gillette & Brayton* of Salt Lake City, for appellants.

*W. R. Hutchinson* and *Walton & Walton,* all of Salt Lake City, for respondent.

WEBER, J.

By his guardian ad litem plaintiff brought this action against the defendants to recover damages alleged to have been sustained because of defendants' negligence. The case was tried before a jury, who returned a verdict for $4,800 in favor of plaintiff. Defendant appeals.

Plaintiff moves to dismiss the appeal for the following reasons: Abstracts of the record were not filed within 15 days after filing the transcript, or within any time given therefor; the date of filing the papers in the court below is wholly omitted from the abstracts; no assignment of error set forth in the printed abstract is accompanied with any reference to any page in transcript or abstract where rulings or exceptions pertaining thereto appear; and the brief of appellants omits reference to the record in respect to facts discussed.

The record shows that rules 6, 10, and 26 (33 Utah, vii, viii, xiii, 97 Pac. viii, x), and some other rules of this court, have been disregarded by appellants, causing some inconvenience to opposing counsel. We are not inclined to dismiss appeals, except when it appears that the court is without jurisdiction, or where prejudice may result to the adverse party. The motion to dismiss is therefore denied.

Appellants contend that the judgment should be reversed for lack of sufficient evidence to show negligence on the part of defendants, because of contributory negligence of plaintiff, excessiveness of verdict, improper remarks of plaintiff's counsel during argument, and that plaintiff had given a valid release relieving appellants from all liability.

To authorize a review of the evidence the assignment as to sufficiency must specify the particulars wherein it is insuffi-

cient. *Holt* v. *Great Eastern Casualty Co.,* 53 Utah, 543, 173 Pac. 1168. We have, nevertheless, read the evidence as it appears in the bill of exceptions, and are convinced that there was ample evidence of negligence for submission to the jury. The question of contributory negligence was also one of fact for the jury.

We fail to find any reason for concluding that the verdict was excessive. According to plaintiff's testimony he was nineteen years of age at the time of the accident. Some bones of his foot were broken. His foot is still "stiff." His kneecap was thrown out of place. He received injuries to his hearing, spine, kidneys, and back. Viewing the testimony in the light most favorable to plaintiff, the verdict of $4,800 was not excessive, and surely not so excessive that one can say it was impregnated with passion and prejudice, and that there was an abuse of discretion by the court in overruling the motion for new trial, if such a motion was made. The question as to alleged excessiveness of the verdict is, however, not properly before us for review, for the reason that the bill of exceptions does not contain a motion for new trial.

The assignment of error as to improper and prejudicial language of plaintiff's counsel is wholly without merit. A witness for defendants had testified to making a settlement with plaintiff. On cross-examination he said he was an adjuster for the indemnity insurance company that insured the Broadwater Mills Company, one of the defendants. In his argument to the jury plaintiff's counsel said something about the insurance company. What he said does not appear in the record, and it is in no way preserved in a bill of exceptions. It seems that during the closing argument for plaintiff the charge was made by defendants' counsel that the words "insurance company in this case" had been used in the argument; but this was vigorously denied by plaintiff's counsel, who was then addressing the jury, and who stated that, if he had used such words, or if the jury thought he had, he would unhesitatingly withdraw them, and they were then and there withdrawn. No one seems to know just

what was said. No proper objections were made or exceptions entered. No ruling was made by the court as to the alleged misconduct of plaintiff's counsel and none was requested. Whatever was said was withdrawn, and no request was made to the court for an instruction that the jury disregard the alleged improper language.

The only other question involved is as to a release given by plaintiff to defendants in consideration of the payment of $200 to him. The insurance agent testified that plaintiff claimed to be twenty-one years of age at the time the accident occurred. Plaintiff denied that he said anything of the kind, and testified that at the time he sustained the injuries referred to he was a minor. The issue as to the release involved questions of fact, which were properly submitted to the jury.

Judgment affirmed. Respondent to recover costs.

CORFMAN, C. J., and FRICK, GIDEON, and THURMAN, JJ., concur.