## H. C. BARTELS v. ALBERT SCHWAKE.[1]

October 20, 1922.

No. 22,933.

**Offer of settlement inadmissible.**
    1. To encourage the settlement of disputed claims, the law will not permit either party to use offers of settlement made by the other as evidence of an admission of liability.

**Same.**
    2. It sufficiently appeared that the offer in question was made as an offer of settlement and was not admissible in evidence.

Action in the district court for Steele county to recover $2,500, one-half the profit upon sale of a certain farm. The case was tried before Childress, J., and a jury which returned a verdict for $1,577 in favor of plaintiff. From the order granting defendant's motion for a new trial, plaintiff appealed. Affirmed.

*Moonan & Moonan*, for appellant.

*A. W. & F. W. Sawyer* and *Brown, Somsen & Sawyer*, for respondent.

TAYLOR, C.

Plaintiff, claiming that defendant had made a profit of $5,000 in the purchase and resale of a farm and that he was entitled to one-half of such profit, brought this action therefor and recovered a verdict for $1,577. The district court granted a new trial on the ground that it had erred in admitting evidence of an offer made by defendant to compromise and settle the claim. Plaintiff appealed.

[1]Reported in 190 N. W. 178.

The law favors the settlement of disputed claims without litigation, and to encourage such settlements will not permit either party to use offers of settlement made by the other as evidence of an admission of liability. Gauthier v. West, 45 Minn. 192, 47 N. W. 656. At the trial, under the claim that it was an admission of liability, and against defendant's objection that it was an offer of settlement, plaintiff was permitted to prove that defendant had offered him a check for $160.

The question presented is whether it appeared that the offer was made as an offer of settlement at the time the testimony was received. Defendant sold the farm and received the purchase price in July, 1919. Plaintiff claimed $2,500 as his share of the profits. In January, 1921, plaintiff had an attorney write to defendant, and thereupon defendant went to plaintiff and offered him a check for $160, which plaintiff refused. The first reference to this matter at the trial was a statement by plaintiff that defendant "wanted to settle up for $160." This statement was promptly objected to and the objection sustained. But immediately thereafter on plaintiff's assertion that it was an admission of liability, not an offer of settlement, he was permitted to testify to the offer over defendant's repeated objection. Later, another witness was permitted to testify to it in the same manner. The offer was made a year and a half after defendant had received the profits from the resale of the farm, and followed a demand from plaintiff's attorney, and was only for a small fraction of the amount claimed. That plaintiff understood it to be intended as an offer of settlement and not as a partial payment, is shown by his refusal to accept it. Defendant subsequently testified that when he made the offer he stated that he did not owe plaintiff anything, but would give the check to avoid a lawsuit. We think the circumstances disclosed by plaintiff himself showed that the offer was not made as an admission of liability, but as a proposition for settlement, and that the court correctly held that the admission of the testimony was error.

Order affirmed.