# R. H. SCHIRO v. FRED RAYMOND.[1]

July 11, 1952.

No. 35,753.

*L. J. Lauerman* and *Robert G. Johnson,* for appellant.

*Carroll & Thorson,* for respondent.

[1]Reported in 54 N. W. (2d) 329.

CHRISTIANSON, JUSTICE.

Appeal from an order denying plaintiff's motion for a new trial in an action for damages arising out of an automobile collision.

The accident took place on the westerly outskirts of the village of Buffalo Lake, Minnesota, on highway No. 212 at about 5 p. m. on the afternoon of April 9, 1950. Highway No. 212 runs generally in an east-west direction, is paved to a width of 20 feet, and has the usual sod shoulders on either side. At the point of collision and for a considerable distance both east and west, the highway is straight and comparatively level, and there are no obstructions to the view of a driver going in either direction. On the day in question, the weather conditions were such that the highway was wet and slushy, and a drizzle in the air made the use of windshield wipers necessary. The two cars involved were traveling in opposite directions on highway No. 212. Plaintiff was proceeding west, and defendant east. The speed limit at the point of collision was 50 miles per hour.

It is undisputed that the collision took place on the north half of the highway when defendant's car skidded at a broadside angle across the center line and struck plaintiff's car, which at the time had at least its two right wheels on the north shoulder. However, the versions of the events preceding the collision differ. Plaintiff testified that he was traveling at a speed of 20 miles per hour when he noticed defendant's car about 150 to 200 feet away approaching at approximately 60 miles per hour; that it swerved first to the south and then began to skid to the north across plaintiff's lane with the front of the car pointed in a northeasterly direction. He stated that he then removed his foot from the gas, applied the brakes, turned to his right, and had managed to get his car halfway onto the north shoulder when the collision occurred. He estimated that his car was almost at a complete standstill when struck by defendant's car. Defendant testified that as the cars were about 75 feet from each other the rear end of plaintiff's car crossed over the center line so that the car was at an angle in a sliding position and appeared to be coming into the path of defendant's car. He

said that in an effort to avoid plaintiff's car he turned sharply to his left and went into the skid which resulted in the collision. He further testified that he was traveling at no more than 40 miles per hour at the time. Plaintiff denied that his car at any time crossed the center line of the highway.

Plaintiff and his wife were both injured in the collision. Their separate actions were consolidated for trial in the district court. The trial court submitted to the jury the issues of defendant's negligence and plaintiff's contributory negligence without objection from either party and instructed the jury on the so-called "emergency rule." The jury returned two separate verdicts, one in favor of plaintiff's wife, unchallenged here, and the other against plaintiff. On appeal, plaintiff contends, among other things, that the verdict against him is unsupported by the evidence; that defendant's story is so improbable, capricious, and contrary to the evidence as to indicate that the jury was acting under the influence of passion and prejudice in failing to find in his favor; and that the court erred in submitting the emergency rule to the jury.

■ Since recovery against defendant was awarded plaintiff's wife, it is apparent that the jury, although finding defendant negligent, also found plaintiff contributorily negligent. Our first question is whether, upon examination of the record as a whole, there is evidence from which the jury could reasonably find contributory negligence on plaintiff's part.

While it is true that defendant's testimony that plaintiff first swerved across the center line is uncorroborated, only plaintiff's testimony directly contradicts it. All of the other witnesses were either in a position where they were unable to see plaintiff's car or testified that they had not watched it continuously during the time in dispute. Nothing in the physical facts makes defendant's testimony inherently improbable. Furthermore, certain parts of plaintiff's testimony may have led the jurors to give more credence to defendant's version, as they were entitled to do. Plaintiff's statement that his car was nearly at a standstill at the time of the collision is somewhat inconsistent with the testimony of one of his

own witnesses, who stated that he noticed no indication that plaintiff was slowing up at the time of the impact. The same witness, the driver of a bus which had been following plaintiff's car for several miles prior to the accident, testified that the speed of the bus had not been less than 40 miles per hour in the seven minutes preceding the collision, thus casting some doubt upon plaintiff's 20-mile-per-hour estimate of his car's speed.

On this state of the evidence, we think that plaintiff's contributory negligence presented an issue for the jury, and that the jury could reasonably have found that plaintiff's car did first skid across the center line, that the skid was caused by plaintiff's lack of due care under the circumstances, and that it proximately contributed to the accident. Furthermore, the jury might have found plaintiff contributorily negligent on yet another ground. Plaintiff testified that he first noticed defendant's car begin to skid when it was from 150 to 200 feet away. Plaintiff's bus-driver witness testified that he could see no indication that plaintiff had reduced his speed at the time of the impact. Taken together, these statements provide evidence from which a jury might reasonably have concluded that plaintiff failed to use due care to avoid the collision.[2]

In view of our decision that the record reveals sufficient evidence to support a finding of contributory negligence, we find no merit in plaintiff's contention that the verdict for defendant indicates passion and prejudice on the part of the jury. The cases cited by plaintiff are concerned with the size of the verdict as indicating passion and prejudice and have no application here.[3]

■ No objection was made to the court's instruction on the emergency rule at the time it was given. However, plaintiff now urges that the court erred in giving the instruction, since any emergency defendant encountered was of his own making. The charge given informed the jury that the rule did not apply "unless it be

[2]See, Schweikert v. Peters Sausage Co. 206 Minn. 596, 289 N. W. 828; Hinman v. Gould, 205 Minn. 377, 286 N. W. 364; Kime v. Koch, 227 Minn. 372, 35 N. W. (2d) 534.

[3]Dennis v. Johnson, 42 Minn. 301, 44 N. W. 68; Nelson v. Village of West Duluth, 55 Minn. 497, 57 N. W. 149.

first determined that there existed a real peril to which the parties seeking its protection did not contribute by his [sic] own want of care." In view of the conflict in evidence as to the events immediately preceding the collision, the trial court was justified in giving to the jury the instruction on the emergency rule. Moreover, the emergency-rule doctrine operates only to permit the jury to find that conduct which might otherwise be found negligent is reasonable in light of the emergency.[4] Since in this case it is clear that the jury found defendant negligent, the instruction could not have been prejudicial to plaintiff.

■ Plaintiff further contends that certain testimony admitted by the trial court was prejudicial to him and warrants a new trial. At the outset of the trial, plaintiff introduced as part of his case in chief a statement signed by defendant taken after the accident by a representative of plaintiff's liability insurance company. Later, during defendant's case, defendant was asked by his counsel to explain the circumstances surrounding the signing of the statement. The statement was in the handwriting of the insurance company's representative and contradicted defendant's testimony in material respects. Plaintiff's objection that such testimony would be self-serving and a conclusion was overruled. In the course of his explanation, defendant testified that the statement was signed pursuant to an offer of settlement by plaintiff's insurance company, and that settlement had subsequently been made. No appropriate objections and no motions to strike were made by plaintiff to this portion of the testimony, which is now urged to be prejudicial.

To support his position, plaintiff relies upon those cases which hold that neither party may use offers of settlement made by the other as evidence of an admission of liability. The reasoning underlying these cases is that offers of settlement ordinarily proceed from an attempt to buy peace rather than a concession of liability; therefore, evidence of such offers is irrelevant to the issue of lia-

---

[4]Prosser, Torts, § 37, p. 242; Nicholas v. Minnesota Milk Co. 212 Minn. 333, 4 N. W. (2d) 84.

bility.[5] The desirability of this widely accepted rule is apparent, and it harmonizes with the law's policy of encouraging settlement of disputed claims without litigation.[6] However, the rule does not prevent admission of evidence of offer and settlement when some relevant purpose is served by such evidence.[7]

In the instant case, plaintiff introduced into evidence an account of the accident signed by defendant. Testimony was admissible to explain the circumstances surrounding the signing of that statement. In this context, the evidence of the offer of settlement which gave rise to the statement was clearly relevant—not as evidence of an admission of liability by plaintiff, but as one of the circumstances surrounding the signing of the instrument. It was plaintiff's right to request the court to give an instruction confining the jury's consideration of this testimony to its relevant purpose. This was not done. Plaintiff may not now complain.

■ Lastly, plaintiff maintains that he is entitled to a new trial on the grounds of surprise and newly discovered evidence. The surprise has reference to the above-discussed testimony of defendant with respect to the statement signed by him, and the newly discovered evidence relates to an affidavit attached to and made a part of plaintiff's notice of motion in which the representative of plaintiff's insurance company who took the statement disputes defendant's testimony with reference thereto.

These contentions are without merit. The statement was introduced by plaintiff at the beginning of the trial. He should have anticipated that defendant would testify as to the facts and circumstances surrounding its signing. When the testimony was given, there was no claim of surprise nor was any motion for a postponement or continuance made. Plaintiff may not remain silent through-

---

[5]Esser v. Brophey, 212 Minn. 194, 3 N. W. (2d) 3; Bartels v. Schwake, 153 Minn. 251, 190 N. W. 178; see, 4 Wigmore, Evidence, § 1061(c).

[6]Esser v. Brophey, 212 Minn. 194, 3 N. W. (2d) 3.

[7]See, Bosell v. Rannestad, 226 Minn. 413, 33 N. W. (2d) 40 (to impeach a witness); Physicians & Hospitals Supply Co. v. Johnson, 231 Minn. 548, 44 N. W. (2d) 224; Person v. Bowe, 79 Minn. 238, 82 N. W. 480 (admission explicitly made).

out the trial, in anticipation of a favorable verdict, and raise the issue of surprise for the first time in the motion for a new trial.[8]

Similarly, the affidavit of the insurance company representative is not sufficient to justify a new trial on the ground of newly discovered evidence. Only evidence which could not have been procured by reasonable diligence before the trial will warrant a new trial.[9] The name of the agent taking the statement was affixed thereto as an attesting witness, and the statement was in plaintiff's hands. Plaintiff should have had no difficulty in producing the witness at the trial to rebut the explanation of the signing of the instrument which defendant was almost certain to give. Even assuming that plaintiff could not reasonably have anticipated the need for the agent's testimony until defendant had testified, plaintiff at that point could have moved for a continuance. This was not done.

A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, which must be exercised cautiously and sparingly, and its decision will not be disturbed on appeal except upon a showing of a clear abuse of discretion.[10] No abuse of discretion is shown in the instant case.

Affirmed.

[8]Valencia v. Markham Co-operative Assn. 210 Minn. 221, 297 N. W. 736; 5 Dunnell, Dig. & Supp. § 7119.

[9]Henderson v. Bjork Monument Co. Inc. 222 Minn. 241, 24 N. W. (2d) 42; In re Estate of Hore, 220 Minn. 374, 19 N. W. (2d) 783, 161 A. L. R. 1366; 5 Dunnell, Dig. & Supp. § 7128; M. S. A. 547.01(4).

[10]Skog v. Pomush, 219 Minn. 322, 17 N. W. (2d) 641; Merek v. S. J. Groves & Sons Co. 200 Minn. 418, 274 N. W. 402; 5 Dunnell, Dig. & Supp. §§ 7123, 7125.