## JOHN ELSBERRY v. GREAT NORTHERN RAILWAY COMPANY.

121 N. W. (2d) 716.

May 10, 1963—No. 38,711.

*Hvass, Weisman & King,* for appellant.
*Anthony Kane, D. E. Engle,* and *Richard V. Wicka,* for respondent.

NELSON, JUSTICE.

Action for damages for personal injuries alleged to have been sustained by plaintiff in the course of his employment as a carman for defendant. The case arises out of an incident occurring on January 12, 1960, at defendant's New Rockford, North Dakota, house track.

Plaintiff had been assigned to perform repair work on one of defendant's railway cars at New Rockford. He claims that in doing so he sustained severe permanent and disabling injuries by reason of defendant's negligence. The action was brought under the Federal Employers Liability Act (35 Stat. 65, as amended, 45 USCA, § 51, et seq.).

Defendant denied negligence and claimed that plaintiff's injuries were caused by his own negligence. (By virtue of 45 USCA, § 53, contributory negligence would not bar plaintiff's recovery if defendant also was negligent, but would reduce any damages to which plaintiff might otherwise be entitled.) Trial resulted in a verdict for defendant, whereupon plaintiff moved for a new trial on the grounds that the verdict was not justified by the evidence and was contrary to law and that errors of law were committed at the trial, and on the ground of accident and surprise. He appeals from the order denying that motion.

Viewing the facts in the light most favorable to the prevailing party, it appears that plaintiff, who was 28 years old at the time of trial, with a coworker, Kenneth Keys, had driven to New Rockford January 11, 1960, in a service truck which belonged to defendant. Upon arrival they carried jacks which they had brought in the truck to the work area, defendant's house track, where they were directed to change wheels and draft gear on a number of cars. They did car repair work that day and stayed overnight to finish the work on January 12. Plaintiff claims he was injured that day in the course of changing the wheels on a tank car. Since the car was loaded, a substantial type of jack was needed in order to raise the car sufficiently from the track. Plaintiff claims that after he completed the job he injured his back when he slipped while carrying one of the jacks with the aid of his coworker.

The area about the tank car where plaintiff and his coworker did the repairs was covered with a natural accumulation of snow which had become slippery. Plaintiff was familiar with this condition, having walked back and forth over the track during the course of his work. The jacks used for raising the tank car were "Duff-Norton" jacks, the standard type used for car repairs both in the railway repair shop and "out on the line." They are mechanical jacks of 50-ton capacity, weighing between 265 and 300 pounds, and are normally carried by two men, each holding a handle mounted on the side of the jack. Plaintiff claims that while he and his coworker were carrying the jack over the track to the service truck, he slipped and wrenched his back while stepping over the rail. He said nothing about it to his coworker at the time. Had plaintiff chosen to relocate the truck, which had been placed on the north

side of the house track beside the tank car, it would not have been necessary to carry the jack across the track. The truck had a winch and cable with which the jack could be placed in the truck without being carried or lifted.

The record would indicate that no sand or other abrasive substance had been placed on the ground at the time in question. The area was not ordinarily sanded or cindered for the protection of carmen. There was, however, a sand barrel located on the depot platform some 50 feet away. Plaintiff testified that he did not notice it. He admits that he talked with defendant's section crew at the scene of the repair work but did not ask any member of the crew to furnish him sand or to cover the working area with any abrasive substance. It is clear from the record that plaintiff knew of the slippery condition when he began working on the tank car approximately 3½ hours prior to the time he claims that he slipped. He did not report the accident to defendant until the first week in February.

Plaintiff's coworker did not appear as a witness. Plaintiff's witnesses were Arthur Sims and Marshall Gooch, whose testimony was read to the court and jury by means of depositions. Sims, a section laborer at defendant's yard in New Rockford, testified that he had never been ordered to sand the house track and had never seen any other employee do so. By the deposition of Gooch, also a carman employed by defendant, plaintiff sought to establish that employees had made complaints to a safety committee that the car jacks were heavy, awkward, and dangerous to handle. When the deposition was taken Gooch was asked whether there had been any discussion at safety meetings concerning danger in carrying the type of jacks used in car repairs over various types of ground. Defendant recorded its objection to the question on the basis of lack of foundation (Rule 32.03, Rules of Civil Procedure), and when other similar questions were asked made the objection based upon lack of foundation a continuing one.

Mr. Gooch was also asked the following question:

"Q. I see. And then who has reported to this man who makes up the safety committee that there has been any danger or complaints in connection with the carrying of these jacks over various types of ground?

"A. I cannot recall any specific incidents where the ground or the conditions have been reported to the safety man. Where none of the conditions are ideal, it's just more or less common knowledge that you— that they aren't safe, due to their heaviness and awkwardness, and the only thing that we believe that would improve it is to get lighter jacks or better jacks."

It appears that Gooch was unable to give the identity of any individual complainant. Plaintiff thus failed to establish any basis for the witness' knowledge with respect to the complaints nor did he prove that Gooch was present when they were made to the safety committee. Plaintiff made an offer of proof at the trial covering the testimony concerning complaints. Defendant again objected on the ground of lack of foundation and also on the ground that the witness' answers were nonresponsive. The court sustained the objection.

Plaintiff makes the following assignments of error:

(1) The trial court erred in excluding the portions of the testimony of Gooch concerning complaints about the jacks furnished by defendant.

(2) The trial court erred in denying plaintiff's motion for a new trial on the above ground, and on the further ground of accident or surprise to the plaintiff in the exclusion of the offered testimony.

These assignments of error raise two questions—whether the excluded testimony lacked foundation as to the witness' personal knowledge or observation and whether the trial court abused its discretion in denying plaintiff's motion for a new trial on the ground of accident or surprise.

■ Defendant contends that the foundation for the testimony of Mr. Gooch was insufficient as to evidentiary facts and that plaintiff in offering the testimony had the burden of laying a foundation for it by showing that the witness had an adequate opportunity to observe and had firsthand knowledge. This court in Independent School Dist. v. A. Hedenberg & Co. Inc. 214 Minn. 82, 97, 7 N. W. (2d) 511, 520, stated:

"* * * If the witness is acquainted with the facts of the case—that is, if he has personal knowledge or has made personal observations—he

may give his opinion upon the basis of his knowledge and observations in response to direct interrogation. [Citing authorities.]"

In Sallblad v. Burman, 225 Minn. 104, 29 N. W. (2d) 673, the defendant called his son and partner to testify to the wholesale cost of items of material furnished by plaintiff. During the war the witness, as a purchasing agent for contractors constructing war plants, had acquired experience in the purchase of electrical supplies. On questioning, he was forced to admit that his testimony concerning the cost of the materials furnished defendant was not based on his personal knowledge or observation of the purchase and sale of electrical supplies, but on information he had obtained when, in preparing himself to testify, he had telephoned various electrical supply concerns to ascertain the cost of the various items. This court held that his testimony as to market value had no sanction in his personal knowledge or observation, but was based wholly upon what others had told him, and that there was no error in excluding his testimony as hearsay. We also made it clear in that case that it is primarily the province of the trial court to determine the qualifications of a witness offered as an expert, citing Keough v. St. Paul Milk Co. 205 Minn. 96, 116, 285 N. W. 809, 821. See, also, 7 Dunnell, Dig. (3 ed.) § 3335.

McCormick, Evidence, § 10, discusses the requirements of firsthand knowledge, calling attention to Rule 19 of the Uniform Rules of Evidence, which deals with that subject. In the same section, the author states:

"The burden of laying a foundation by showing that the witness had an adequate opportunity to observe is upon the party offering the testimony."

In Cleveland T. & V. R. Co. v. Marsh, 63 Ohio St. 236, 58 N. E. 821, 52 L. R. A. 142, plaintiff offered a witness who testified over the objection of defendant as to the identity of a man as one of defendant's crewmen. The trial court was asked to exclude the testimony but refused to do so. The Supreme Court of Ohio ruled the evidence inadmissible, saying (63 Ohio St. 239, 58 N. E. 822):

"* * * This testimony was not competent. When a party offers evi-

dence, he must first qualify his witness to speak as to the subject matter. Here the witness failed to show that he was qualified to say whether the man was one of the crew or not. And, objection being made by counsel for the defendant, it was incumbent upon the plaintiff to show that the witness had some means of knowledge upon the subject, and was not just merely guessing at it."

In 2 Wigmore, Evidence (3 ed.) § 657, it is stated that knowledge must be founded on personal observation by the senses, and that—

"* * * [t]he first corollary from the general principle of Knowledge is that what the witness represents as his knowledge must be an impression derived from the *exercise of his own senses,* not from the reports of others,—in other words, must be founded on personal observation.

"This general rule, to which contrary instances can be only casual exceptions, has long been recognized as fundamental: [Citations and illustrative material omitted.] Upon this principle, the testimony of one claiming to have knowledge has constantly been rejected, when it appeared that he had lacked personal observation."

Clearly, one who has no knowledge of a fact except what another has told him cannot satisfy the present requirement of knowledge from observation. McCormick, Evidence, § 10.

For a summary of the principles governing exclusion of evidence for lack of foundation in this state, see Loevinger, *The Minnesota Exclusionary Rules of Evidence,* 38 M. S. A. 1962 Pocket Part, p. 47, 63.

We find no error in the exclusion of the offered evidence. The trial court properly applied the requirement that the witness' knowledge of evidentiary facts must be founded on personal knowledge, not hearsay.

■ The other question remaining to be disposed of—whether the trial court erred in refusing to grant a new trial on the grounds of accident or surprise—is dependent upon whether plaintiff used due diligence in attempting to produce the witness, Gooch, in person after portions of his deposition were excluded. This deposition was taken November 3, 1961, and the trial began November 20, 1961, at 9:30 a. m. The testimony was first offered in the late afternoon of November

20. It was reoffered and excluded on the morning of November 21. The trial recessed at noon, November 22, and recommenced at 9:30 a. m., November 27. It was completed at 3:55 p. m. that day. Although plaintiff made an attempt to secure the witness' attendance after the exclusion of the deposition testimony, on the morning of November 22 plaintiff learned that the witness would be unable to be present in court that morning because of weather conditions. He advised the court that the witness was not present, but he did not request the court to receive this witness' testimony out of the normal order upon his arrival that day or at some later date. The trial of the case was not completed until 5 days later. Plaintiff at no time moved for a continuance because of the absence of the witness. Defendant contends that under the circumstances plaintiff has no ground for asserting either accident or surprise. We are compelled to reach the same conclusion.

In Schiro v. Raymond, 237 Minn. 271, 54 N. W. (2d) 329, plaintiff maintained that he was entitled to a new trial on the grounds of surprise and newly discovered evidence. He had introduced into evidence an account of the accident involved at the trial, signed by defendant. The claimed surprise had reference to testimony of defendant that he signed the statement pursuant to an offer of settlement by plaintiff's insurer and that settlement was subsequently made. We held that testimony was admissible to explain the circumstances surrounding the signing of the statement, and that in this context evidence of an offer of settlement which had given rise to the statement was clearly relevant—as one of the circumstances surrounding the signing of the instrument, although not as evidence of an admission of liability by plaintiff. We said that it was plaintiff's right to request the court to give an instruction confining the jury's consideration of that testimony to its relevant purpose, and that since this was not done plaintiff could not complain after the trial. With respect to the claimed surprise, we said (237 Minn. 276, 54 N. W. [2d] 333):

"* * * The statement was introduced by plaintiff at the beginning of the trial. He should have anticipated that defendant would testify as to the facts and circumstances surrounding its signing. When the testimony was given, there was no claim of surprise nor was any motion for a

postponement or continuance made. Plaintiff may not remain silent throughout the trial, in anticipation of a favorable verdict, and raise the issue of surprise for the first time in the motion for a new trial.

"\* \* \* Even assuming that plaintiff could not reasonably have anticipated the need for the agent's testimony until defendant had testified, plaintiff at that point could have moved for a continuance. This was not done."

In Otterness v. Botten, 80 Minn. 430, 83 N. W. 382, the defendant appealed from an order denying his motion for a new trial. The basis of that motion was that the appellant's codefendant, Botten, was a necessary and material witness and that he was taken by surprise by the failure of Botten to appear at the trial. In that case this court said (80 Minn. 431, 83 N. W. 383):

"A new trial on the ground of accident or surprise should be granted only in cases where it is very clear that the moving party has exercised due diligence in the premises. A motion for a new trial on this ground is addressed to the sound discretion of the trial court, and its decision thereon will not be reversed by this court except for an abuse of such discretion. Upon the appellant's own showing in this case it must be held that the motion was properly denied by the trial court, for it falls far short of establishing any accident or surprise which ordinary prudence could not have guarded against."

We reach the conclusion on the record before us that plaintiff has no ground for claiming accident or surprise because the trial court failed to provide an opportunity for the witness to testify after it excluded portions of his deposition.

The action of the trial court in refusing to disturb the jury's verdict in this case should be sustained.

Affirmed.